[No. 6235.]

### ESTATE OF JOHN B. AVELINE.

AUTHORITY OF ADMINISTRATOR AFTER EXPIRATION OF TERM.—The authority of an administrator as to unfinished business in his official custody continues after the expiration of his term of office, and the sureties on his bond remain liable.

SETTLEMENT OF ADMINISTRATOR'S ACCOUNTS WITHOUT NOTICE.—Where the statute requires notice to be served upon the administrator as to the settlement of his accounts, a settlement without such citation and in his absence will not bind him nor his sureties.

MOTION BY A STRANGER.—One who is not a party to a proceeding cannot make a motion therein.

APPEAL from the Probate Court of San Bernardino County.

In 1873, Albert Rogers was elected Administrator of San Bernardino County, and A. Parks, A. Rosseau, M. Katz, and C. F. Roe became sureties on his official bond. Among the estates that came into his official custody as Administrator was that of Aveline. The estate was not settled at the expiration of his term, in 1874; and in March, 1876, he obtained an order of sale of certain real estate belonging to the decedent, receiving therefor, and for other property of the estate, two thousand eight hundred dollars. He then left the State, and the Probate Court made an order requiring Rogers' successor to collect the amount from the sureties. There was an application on the part of the sureties to set aside the order. The application was denied, and the petitioners appealed.

*L. W. Talbott* and *B. B. Harris*, for Appellant.

No appearance for the other side.

By the COURT:

Rogers, after his election, was appointed as the administrator of the estate of Aveline, deceased, and after the expiration of his term of office, he petitioned for and obtained an order for the sale of certain real estate, and thereafter sold the same and received the purchase-money therefor. His authority as such administrator continued, notwithstanding the expiration of his term for which he was elected. (*Rogers* v *Hoberlin*, 11 Cal. 120; Estate of Hamilton, 34 Cal. 468.) And his official bond was as obligatory for the faithful performance of his duties as such administrator after the expiration of his term of office as during the term. The sureties upon the bond remained such sureties for the faithful performance by Rogers of his duties as the administrator of said estate.

It may be assumed that had Rogers, who had "fled the country without having rendered any account"—as is recited in the order—been duly cited to render this account, the settlement of his account by the Court in his absence would have

bound him, and would also have been conclusive and binding upon his sureties, in an action against them. But if the Code requires that the administrator in such case be cited, by either actual or constructive notice—and it may be assumed that the statute so requires—then the settlement of his accounts without such citation, and in his absence, would not bind him, and of course would be without effect as against his sureties.

The sureties, however, were not parties to the proceeding which eventuated in the order of the 24th day of September, 1877, determining the amount due from Rogers, as such administrator to the estate; and were not authorized in their own names to move that the order be set aside, and therefore their motion to that effect was properly denied.

Order affirmed.