[Department Two. — June 15, 1883.]

## MARY C. McCLELLAN, Appellant, v. JOHN G. DOWNEY, Respondent.

ADMINISTRATION—DECREE OF DISTRIBUTION CONCLUSIVE AS TO SURETY OF ADMINISTRATOR.—Where the decree settling the account of an administrator and making distribution of the estate shows that proof was made to the satisfaction of the court that notice was given as required by the statute, the surety of the administrator, in an action by a distributee to recover the sum distributed to him, cannot be heard to question the validity of the decree.

ID. — COMMUNITY PROPERTY MAY BE DISTRIBUTED BY THE DECREE IN THE HUSBAND'S ESTATE. — The husband died intestate. The property left by him was community property. Pending the administration of his estate, the wife died intestate. Her estate was administered upon and distributed without embracing her interest in the community property, but the decree distributing the husband's estate dealt with the entire community property, and distributed the wife's interest to her heirs. Held, that it was competent for the court to make such a decree, no creditor of hers objecting.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are sufficiently stated in the opinion of the court.

*W. S. Stevens*, for Appellant.

*Bicknell & White* and *Graves & Chapman*, for Respondent.

MYRICK J. — This appeal comes before us on the judgment roll, embracing the pleadings, findings, and judgment. The action was brought by plaintiff, a distributee of the estate of her father, W. J. McClellan, against a surety on the bond of the administrator, to recover the amount of money distributed to

her by the decree of distribution made of the estate of her said
father.   The following are sufficient of the facts to explain the
case:—

W. J. McClellan died intestate, leaving, him surviving, his
wife, Susan A. E. McClellan, and six children, four of whom
were the children of his marriage with the said Susan.   The
property left by him was community property.   Susan died
subsequent to her husband, intestate, leaving her four children
above mentioned her only descendants, and her estate was
administered upon and distributed, and the administration
closed; but in the decree of distribution of her estate no mention
was made of her interest in the estate of her husband.   After-
wards, on the 16th of October, 1878, Lindley, the adminis-
trator of the estate of W. J. McClellan, presented his final
account of his administration, which was filed in the court, and
at the same time presented a petition for the distribution of the
estate.   On the 14th of January, 1879, the Probate Court made
a decree, settling the account of the administrator and distrib-
uting the estate.   This decree recited that the administrator had,
on the 16th of October, 1878, rendered and presented for set-
tlement and filed in the court his final account of the adminis-
tration of the estate, and on the 29th of October, 1878, when
the matter came on for hearing, proof was "made to the satis-
faction of the court that notice of the settlement of said account
and of the time and place of hearing of the same had been duly
given by the clerk of this court, as required by law and the order
of this court."   The decree also recited that on the 16th of
October, 1878, the administrator "filed his petition praying for
an order of distribution of the residue of said estate among the
persons entitled, it appearing to the court upon satisfactory
proof that notice of the hearing of said petition had been duly
given as required by law and the order of this court."   The
decree, after disallowing some items contained in the account,
and charging the administrator with other items, stated the bal-
ance in the hands of the administrator, and accordingly settled
the account; and then proceeded to distribute the estate, viz.,
five twenty-fourths to each of the four children of said W. J.
and Susan A. E. McClellan, and two twenty-fourths to each of
the two children of said W. J.—$934.40 being the amount of

money distributed to Mary C., the plaintiff herein, and for the recovery of which amount this action was brought. In making this distribution the decree embraced as well the one half of the community property which went to the surviving widow, Susan, upon the death of her husband, and upon her death to her four children, as the other half of the community property which went to the six children of said W. J.—which accounts for the difference in the proportions as between the two classes of children.

On the trial of this case in the court below, the court found that on the 18th of October, 1878, the Probate Court made an order fixing Tuesday, October 29, 1878, as the day for hearing the account, and directed notice to be given to all persons interested in the estate of the time and place of hearing said final account. and petition for distribution, by posting notices in at least three public places in the county for at least ten days before said day; that on the 18th of October, 1878, the clerk posted notices in at least three public places in said county, but notifying all persons interested in the estate to appear on the 28th of October, 1878, and stating in said notice that said 28th of October, 1878, was the day fixed for said hearing; and that no further notice was given. The court concluded that the decree of settlement and distribution was not duly given and made, but on the contrary, that the Probate Court had no jurisdiction over the parties; that as to the interest of the estate of Susan A. E. McClellan, it had no jurisdiction over the subject-matter for the purpose of making distribution thereof to the parties interested as heirs of her estate, and that said decree was wholly void; and thereupon the court rendered judgment for the defendant. From this judgment the plaintiff appealed. On this appeal two questions are presented:—

First. Can the defendant in this action, the surety of the administrator, be heard to question the validity of the decree settling the account of his principal, and making distribution? This question is answered by section 1638 of the Code of Civil Procedure, which reads: "The account must not be allowed by the court until it is first proved that notice has been given as required by this chapter, and the decree must show that such proof was made to the satisfaction of the court, and is conclu-

sive evidence of the fact." The duty was thus cast upon the Probate Court to ascertain if proper notice had been given before allowing the account, and it is directed that the decree shall show that proof thereof was made to the satisfaction of the court, and when so made and so shown, the recital thereof in the decree is made conclusive evidence of the fact, subject, of course, to review on appeal from the decree in a proper manner.

It did not, then, rest with the trial court in this action to hear evidence that the Probate Court had not due and legal proof that proper notice had been given, nor to find contrary to its recital. The decree of the Probate Court on this point was full and ample, as required by the statute, as well as to the settlement of the account as to the distribution, and is conclusive.

It may be remarked that no question is made as to the regularity of the proceedings for the issuance of letters of administration; therefore we may assume that the court had jurisdiction of the estate for purposes of administering upon it. A compliance with the statute in all subsequent proceedings is all that can be required; and many of the cases cited by respondent have no application.

Second. Was it competent for the Probate Court, in the matter of the estate of W. J. McClellan, to make distribution of the share of the community property belonging to the widow, to her heirs, she having died pending the administration of her husband's estate? The objects of administration are, to gather the property left by a decedent, pay the debts and expenses, and distribute the residue "among the persons who by law are entitled thereto." (§ 1665, Code Civ. Proc.) It cannot be said that the widow's share of the community property is for no purpose the estate of the husband; for certain purposes, payment of debts, expenses of administration, family allowance, it is a portion of the estate, and is not relieved from administration until these objects are accomplished. If therefore the widow die pending administration, *no creditor of hers objecting*, we see no objection to the distribution of her share of the estate to her heirs, as being the persons entitled thereto. It would, perhaps, be more orderly to have her interest in the estate distributed in terms, in the administration of her estate, to her heirs, and that such heirs go with the decree to have distribution in the husband's estate; or,

to have distribution, if personal property, to her administrator for the purposes of administration; but such course would not materially change the relation of the parties here — it appears that her estate was administered upon, and we may presume there are no creditors unpaid, and that the Probate Court had proof that she left no heirs other than those mentioned in the decree. The notice given was notice to all persons to come in and show cause.

On the question of fraud alleged in the answer, the findings are against the defendant. From the views above expressed there would not seem to have been alleged sufficient facts to show fraud.

Judgment reversed and cause remanded with instructions to render judgment for plaintiff for $934.40 with interest thereon at the legal rate from January 14th, 1879, to the date of the judgment.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.