[No. 18186.   Department Two.—October 13, 1893.]

## IN THE MATTER OF THE ESTATE OF W. C. PINGREE, DECEASED.

ESTATES OF DECEASED PERSONS—COMPETENCY OF PUBLIC ADMINISTRATOR. EXPIRATION OF TERM—COMMISSION.—A public administrator does not, by virtue of his office or by filing a petition for letters of administration upon the estate of a decedent, acquire any interest in the estate or in the commissions to be earned by administering upon it, and where his term of office expires before the hearing of his petition for letters of administration, he is *incompetent* to administer upon the estate. His *status* at the time of the grant of administration, and not at the time of the filing of his petition, determines his competency.

APPEAL from an order of the Superior Court of Stanislaus County denying a petition for letters of administration and granting a petition of another party.

The facts are stated in the opinion.

*L. J. Maddux,* for Appellant.

*Eastin & Griffin,* for Respondent.

BELCHER, C.—On the thirtieth day of December, 1892, W. C. Pingree died intestate in the county of Stanislaus, in this state.    He was a resident of the county at the time of his death, and left an estate therein, consisting of real and personal property of the value of more than fifteen thousand dollars.    He had no relatives or heirs-at-law residing in this state.

On December 31st, the next day after the death of Pingree, J. Phelps, then the public administrator of the county, filed in the superior court thereof his petition in proper form asking that letters of administration on the estate of the deceased be issued to him.

On January 2, 1893, J. D. Bentley became the public administrator of the county, and on the next day, January 3d, he, as such officer, filed in the superior court his petition in proper form asking that letters of administration on the estate of the said deceased be issued to him.

Due notices of the petitions were given, and they were both set for hearing at the same time, on January 14, 1893.    At the time set for the hearing Phelps was sworn as a witness, and among other things testified: "I filed my petition for letters of administration on the thirty-first day of December, 1892, before I had ever seen the deceased, before his burial, and before I had held the inquest on his remains.    I had not at that time ever seen any of his property or taken charge of it.    I had made no search for his will except to talk with some one at Knight's Ferry through the telephone.    I did not then know anything about his property.    I have not

taken charge of the property under an order of court, and have not had charge of it since the special letters of administration were issued to J. D. Bentley. I wrote to Mr. Means to take charge of the property, but I don't know whether he did or not. I have never been in charge of it personally. I have not been public administrator since the third day of January, 1893, and am not now."

Other witnesses were also sworn and examined in behalf of both petitioners, and at the conclusion of the evidence the court made an order denying the petition of Phelps and granting that of Bentley.

From this order Phelps appeals, and his contention is that inasmuch as Pingee died and he filed his petition during his term of office he became interested in the estate to the extent of his commissions, and was therefore entitled to administer upon it and recover the commissions, notwithstanding his term of office expired before his petition was heard. And in support of this position *Rogers* v. *Hoberlein*, 11 Cal. 120, and *Estate of Aveline*, 53 Cal. 260, are cited.

The code names ten classes of persons who may be appointed to administer on estates, and among them are public administrators. (Code Civ. Proc., sec. 1365.) It provides that petitions for letters of administration must be in writing, etc. (section 1371), and that any person interested may contest the petition, and may assert his own rights to the administration, and pray that letters be issued to himself (section 1374); and also that on the hearing the court must hear the allegations and proofs of the parties, and order the issuing of letters of administration to the party best entitled thereto. (Sec. 1375.)

A public administrator, like any other person, can administer on an estate only when there has been made to him a special judicial grant of administration thereon. He does not, by virtue of his office, acquire the right to administer upon any particular estate. (*Beckett* v. *Selover*, 7 Cal. 216; 68 Am. Dec. 237; *Estate of Hamilton*, 34 Cal. 464.)

The cases cited by appellant are only to the effect that where letters of administration have been granted to a public administrator he may continue his administration of the estate after the expiration of his term of office, and until his authority is set aside or revoked by another appointment. Those cases are not in point here.

The appellant did not, by virtue of his office or by filing his petition, acquire any interest in the estate of Pingree, or in the commissions to be earned by administering upon it; and when his term of office expired he ceased to be one of the persons specially named to whom letters might be granted. It was his *status* at the time of the grant of administration, and not at the time of filing his petition, that determined his competency. The court did not, therefore, err in ordering that letters of administration on the estate be issued to Bentley as " the party best entitled thereto."

The order appealed from should be affirmed.

TEMPLE, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

DE HAVEN J., McFARLAND, J., FITZGERALD, J.