[No. 15409.    Department Two.— July 26, 1894.]

## IN THE MATTER OF THE ESTATE OF CATHERINE McLAUGHLIN, DECEASED.

ESTATES OF DECEASED PERSONS—RIGHT OF ADMINISTRATION—GUARDIAN OF INCOMPETENT PERSON — PUBLIC ADMINISTRATOR—DISCRETION—RETROACTIVE AMENDMENT OF CODE.—The amendment of 1893, of section 1368 of the Code of Civil Procedure, authorizing the probate court, in its discretion, to grant letters of administration to the guardian of an incompetent person, who as sole heir at law is entitled to administration of the estate of the deceased person, applies retroactively to the unadministered estate of a deceased person who died before the adoption of the amendment, and the public administrator has no vested right to letters upon such estate which can interfere with the power of the court to exercise its discretion in granting letters to the guardian of the incompetent person.

ID.—RIGHTS OF PUBLIC ADMINISTRATOR—STATUS AT TIME OF GRANT OF ADMINISTRATION.—A public administrator does not, by virtue of his office, or by filing a petition for letters of administration upon the estate of a decedent, acquire any interest in the estate or in the commissions to be earned by administering upon it; but his *status* at the time of the grant of administration determines his competency.

APPEAL from an order of the City and County of San Francisco denying letters of administration to the public administrator and granting them to the guardian of the heir of decedent.

The facts are stated in the opinion of the court.

*J. D. Sullivan,* and *Herbert Choynski,* for Appellant.

*Beverly F. Hodghead,* and *S. Bloom,* for Respondent.

The COURT.—Catherine McLaughlin died intestate, in the city and county of San Francisco, on October 20, 1892, leaving estate therein, and leaving as her sole heir at law a son thirty-seven years old, named James H. McLaughlin, who had been duly adjudged to be an incompetent person.

On March 17, 1893, the respondent, Kate Kenney, the duly appointed, qualified, and acting guardian of said James H. McLaughlin, filed in the superior court of

said city and county her petition asking that letters of administration on the estate of Catherine McLaughlin be issued to her. On March 20, 1893, A. C. Freese, the public administrator of the city and county of San Francisco, filed his petition in the same court asking that letters of administration on the said estate be issued to him.

The two petitions were heard at the same time, and on April 4, 1893, the court made and entered an order denying the petition of said A. C. Freese, and granting that of said Kate Kenney. From that order said Freese appeals.

The only question to be determined is, was the guardian of the incompetent son or the public administrator entitled to letters of administration on the estate?

Section 1368 of the Code of Civil Procedure was amended on February 27, 1893, by inserting the words "or an incompetent person," and as amended it reads as follows:

"If any person entitled to administration is a minor or an incompetent person, letters must be granted to his or her guardian, or any other person entitled to letters of administration, in the discretion of the court."

It is clear that respondent was entitled to have the letters granted to her, if this section as amended was applicable to the case. It is claimed, however, for appellant that the amendment was not retroactive, and was not applicable, because "the rights of the appellant had accrued and were vested at the date of the death of said deceased, and no subsequent act of the legislature could serve to divest the appellant of his right to letters of administration, and to invest the respondent with that right."

This claim is not, in our opinion, supported by the authorities or reason. A public administrator does not, by virtue of his office or by filing a petition for letters of administration upon the estate of a decedent, acquire any interest in the estate or in the commissions to be earned by administering upon it. His *status* at the time

of the grant of administration determines his competency.   (*In re Pingree*, 100 Cal. 78.)

The appellant had no *vested* right to letters, and the court properly exercised its discretion in granting the letters to the respondent.

The order is affirmed.

Hearing in Bank denied.