## CLOUGH v. BORELLO et al.

### Sac. No. 243; April 1, 1897.

#### 48 Pac. 330.

Administrator—Frivolous Appeal from Appointment.—An appeal by a public administrator from an order denying his petition for letters on decedent's estate, and granting those of guardians of decedent's children, is frivolous; it not being contended that the guardians were not entitled to administer if the children were legitimate, and his petition having alleged that they were decedent's children and "heirs at law," and there being no evidence in the record of illegitimacy.

APPEAL from Superior Court, Merced County; E. W. Risley, Judge.

Petitions by A. G. Clough, Frank M. Borello and N. P. Justy for letters of administration on the estate of Giovanni Galliano, deceased. From an order denying the petition of Clough, and granting those of the others, he appeals. Affirmed.

T. C. Law for appellant; J. W. Knox and W. D. Crichton for respondents.

HAYNES, C.—In probate. A. G. Clough, public administrator in and for the county of Merced, petitioned the court for letters of administration upon the estate of Gio-

vanni Galliano, deceased. Respondents Frank M. Borello, as the guardian of the person and estate of Charles C. Galliano, a minor son of the deceased, and N. P. Justy, as the guardian of the person and estate of James Frank Galliano, also a minor son of the deceased, each petitioned the court to be appointed as administrator of said estate, and also filed written opposition to the appointment of appellant. Abrana Galliano, as the surviving wife of said deceased, and mother of said children, also petitioned for letters of administration, but afterward withdrew her petition, and requested the appointment of one or the other of the said guardians. The several petitions and contests were heard together, and resulted in the denial of appellant's petition, and the making of an order appointing both of the guardians of said minor children as administrators of said estate, and from that order the public administrator appeals.

The record contains a bill of exceptions which sets out the various petitions and oppositions above mentioned, the withdrawal and request of the widow, and the order appointing respondents as such administrators, but does not contain the testimony of any witness, or set out any of the evidence given upon the hearing. Appellant's brief, however, is largely devoted to the question of the legitimacy of said minor children, based, of course, upon the asserted nonmarriage of the deceased and the mother of said children, Abrana Galliano; but, as the record before us gives no hint of the asserted illegitimacy of these children, that question cannot be considered here. On the contrary, appellant's petition for appointment alleges that these are the children and "the heirs at law of said deceased," and it is not alleged that there are any other heirs.

The sole question, therefore, is whether the guardians of these minor heirs are entitled to administration in preference to the public administrator. Next to the surviving husband or wife, or some competent person whom he or she may request to have appointed, the children of the deceased are entitled to letters of administration (Code Civ. Proc., sec. 1365); and section 1368 (amended Stats. 1893, p. 52) provides as follows: "If any person entitled to administration is a minor or an incompetent person, letters must be granted to his or her guardian, or any other person entitled to letters of administration, in the discretion of the court": See,

also, Estate of Wooten, 56 Cal. 326, and In re McLaughlin's Estate, 103 Cal. 429, 37 Pac. 410.

It is not contended on the part of appellant that said guardians were not entitled to administration if said children were legitimate, and, as appellant alleged their legitimacy by alleging that they were the children and "heirs at law of the deceased," the appeal is frivolous, and we recommend that the order appealed from be affirmed, with $100 damages, and costs of appeal.

We concur: Searls, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the order appealed from is affirmed, with damages in the sum of $100, and costs.