[S. F. No. 2862.    Department One.—March 21, 1902.]

In the Matter of the Estate of NAOMI WAKEFIELD, Deceased. RUTH MILLER, Appellant, v. B. C. HAWES, Public Administrator, Respondent.

ESTATES OF DECEASED PERSONS—LETTERS OF ADMINISTRATION—NOMINEE OF BROTHERS—BEQUEST FROM DECEASED HEIR—PUBLIC ADMINISTRATOR.—The nominee of brothers of the decedent, who are not entitled to administer as heirs at law of the decedent, and who are merely devisees of the deceased mother, who was the sole heir at law of their deceased sister, is not entitled to letters as against the public administrator.

ID.—CONSTRUCTION OF CODE—"SUCCESSION."—Section 1365 of the Code of Civil Procedure only entitles the brothers of the decedent to administration where they are entitled to succeed to the estate or some portion thereof, in the sense of sections 1383 and 1386 of the Civil Code, defining "succession" and distribution of the estates of deceased persons.

APPEAL from an order of the Superior Court of Alameda County granting letters of administration. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

R. H. Cross, and F. W. Hall, for Appellant.

Snook & Church, for Respondent.

GAROUTTE, J.—This is a contest for letters of administration upon the estate of Naomi Wakefield, deceased, arising between the public administrator, and Ruth Miller the nominee of the brothers of the deceased. Naomi Wakefield and her mother, Sarah W. Wakefield, lost their lives in the wreck of the steamer Rio Janeiro in the harbor of San Francisco. Naomi Wakefield died first. Both of them left estates in the county of Alameda. Naomi died intestate, and at the time of her death her mother was her sole heir at law and the person entitled to succeed to her personal estate. Naomi left surviving her two brothers; and the mother, Sarah, left a last will and testament, in which she bequeathed her property to her said two sons. These two sons requested the court to

appoint Ruth Miller, the appellant herein, administratrix of the estate of Naomi. The public administrator also applied for letters of administration upon her estate, and the question now presented is, Who is entitled to administer under the above state of facts?

Section 1365 of the Code of Civil Procedure provides: "Administration of the estate of a person dying intestate must be granted to one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when they are entitled to succeed to his personal estate or some portion thereof; and they are, respectively, entitled thereto in the following order: 1. The surviving husband or wife; . . . 4. The brothers; . . . 7. The next of kin entitled to share in the distribution of the estate; 8. The public administrator."

If the brothers are entitled to letters, then their nominee, Ruth Miller, is equally entitled to letters; and the brothers are entitled to letters if they are entitled to succeed to Naomi's personal estate, or some portion thereof. At the moment of Naomi's death her entire estate passed to her mother, as her sole heir at law, subject to administration. And if the brothers were not heirs at law of Naomi, the sister, at the moment of her death, no subsequent change of conditions could ever alter their *status* in that particular. Now, the statute says that they must not only be brothers of deceased, but that they must be entitled to succeed to her personal estate. Appellant's counsel make the point that the measure furnished by the statute is filled if these brothers are entitled to her estate at the time the application for letters is filed. This claim, if legally sound, does not fortify their position. For they were not entitled to succeed to her estate when Ruth Miller's application for letters was filed. The mother succeeded to Naomi's estate at the moment of her death, subject to administration. If the mother succeeded to the estate of her daughter, it is impossible that the brothers could thereafter succeed to it. After Naomi's death the mother could have disposed of the daughter's estate by deed or assignment. She did dispose of it by will. The fact that the will was probably made before the daughter's death, rather than subsequent thereto, is not material. If the mother had died intestate, even then these brothers would not have *succeeded* to their

sister's estate. They would have been heirs at law of their mother—not heirs at law of their sister. And now they have become possessed of their sister's estate by reason of being devisees and legatees under their mother's will.

When we consult the statutes of the state it is evident that the foregoing views must maintain, and that there can be but one conclusion as to the meaning of the clause of the statute, "when they are entitled to succeed to his personal estate, or some portion thereof." For we find section 1383 of the Civil Code declaring, "Succession is the coming in of another to take the property of one who dies without disposing of it by will." Section 1386 of the Civil Code provides: "When any person having title to any estate not otherwise limited by marriage contract dies without disposing of the estate by will, it is succeeded to and must be distributed, unless otherwise expressly provided in this code," etc. By these two sections it is perfectly plain what the lawmakers meant when they used the word "succeed" in section 1365 of the Code of Civil Procedure. They referred to persons who take property by operation of law—by descent, by succession. This conclusion is further fortified when we look at subdivision 7 of said section 1365, for that subdivision provides that only the next of kin entitled to share in the distribution of the estate are entitled to administer. And by this subdivision it is plainly indicated what the policy of the law was in the enactment of the subject-matter of the section.

The estate of Naomi cannot be distributed directly to her brothers, for they are not her heirs at law, and if it cannot be distributed to them, she dying intestate, they do not *succeed* to it. It would be a vain search if we should look in the Civil Code under the law of succession and descents to find a provision authorizing Naomi's estate to be distributed to her brothers. Her estate forms a part of the estate of her mother, and as part of her mother's estate is liable for the mother's debts and the expenses of administration therein incurred. It is through the decree of distribution in the administration of the estate of the mother that the sons take the property left by the daughter. If it is eaten up by the debts of the mother, and the expenses of administration accruing in her estate, then they take nothing at all. And, even under any circumstances, they do not succeed to it from the mother—

that is, take it by succession. For they take it by devise and bequest under the will. Taking it by devise and bequest, they do not *succeed* to it, for said section 1365 in providing for the appointment of administrators only contemplates cases where a person dies intestate. It is thus made plain that by the very nature of the provisions of this section, it only contemplates cases where a party takes personal property by succession. The isolated statement looking the other way, found in the opinion rendered in the *Estate of Coan,* 132 Cal. 401, is not authority.

For the foregoing reasons the order appealed from is affirmed.

Harrison, J., and Van Dyke, J., concurred.