[Sac. No. 1216. In Bank.—March 25, 1904.]

In the Matter of the Estate of A. J. LERMOND, Deceased. W. A. CROWELL, Public Administrator, Appellant, v. A. J. STONE, Administrator, Respondent.

ESTATES OF DECEASED PERSONS—APPOINTMENT OF ADMINISTRATOR—APPEAL BY PUBLIC ADMINISTRATOR—RESIGNATION—SUBSTITUTION—DISMISSAL.—In a contest for letters of administration, the public administrator acts solely in and for his own interest, and not as trustee for any public right, and when his petition is denied and another administrator appointed, and pending his appeal from an order denying his motion for a new trial he resigns his office, even if it be assumed that a motion for a new trial will lie in such case, his successor in office cannot be substituted, but the appeal abates, and will be dismissed on motion of the respondent.

MOTION to dismiss an appeal from an order of the Superior Court of Placer County denying a new trial. J. E. Prewitt, Judge.

The facts are stated in the opinion of the court.

L. L. Chamberlain, for Appellant.

A. K. Robinson, for Respondent.

HENSHAW, J.—W. A. Crowell, public administrator of the county of Placer, applied for letters of administration

upon the estate of deceased, and having been denied them, he moved for a new trial, and from an order denying his motion he took his appeal to this court. While this appeal was pending he resigned from the office, and one W. A. Shepherd was appointed in his place, and here seeks to be substituted. A motion to dismiss the appeal is made upon the ground that the action abated with the resignation of Crowell, and, even if we assume that a motion for a new trial will lie in such a case, this motion must be granted. The right of the public administrator to administer upon an estate is a right attached to the officer as distinguished from the office. This is apparent from the fact that upon the expiration of his term of office, if the estate be not finally closed, he continues as administrator of it. (*Rogers* v. *Hoberlein,* 11 Cal. 120; *Estate of Aveline,* 53 Cal. 259.) In a contest for letters of administration, therefore, the public administrator is not acting as trustee for any public or private right. He is acting solely in and for his own interest. The cases are numerous and uniform where when a public official or any other person like an administrator or an executor charged with the administration of a trust dies or surrenders his office his successor is substituted upon motion as matter of course. This is so because the particular official, or the trustee, is acting in a representative capacity, and the rights of the public or others intrusted to his charge might suffer if the action were permitted to abate. But in an action by or against a public officer which is in its nature purely personal and pertains to him alone, where his private right ends with his office, or where the rights of the public or the due administration of the law are not involved, the death or resignation of that officer abates the action. Nor could a substitution here be permitted for another very obvious reason. The causes actuating the court in refusing letters to one public administrator might not exist at all, or might exist with tenfold force in the case of his successor, and the effect of a substitution would be therefore to try an individual's personal right upon evidence not at all addressed to that individual. Thus in *Estate of Pingree,* 100 Cal. 78, the public administrator had filed his petition for letters, but had retired from office before the hearing. Upon his appeal the court said: ''The appellant did not, by virtue of his office or by filing his petition, acquire any interest in

the estate of Pingree, or in the commissions to be earned upon it.'' This being so, to what rights of appellant could Shepherd, if substituted, succeed?

The motion to dismiss is granted.

McFarland, J., Shaw, J., Van Dyke, J., Angellotti, J., and Beatty, C. J., concurred.