[S. F. No. 3689.    Department Two.—June 17, 1904.]

In the Matter of the Estate of CRESENCIA R. EDSON, Deceased. JUAN E. EDSON, Appellant, v. EVODIA P. EDSON, Respondent.

ESTATES OF DECEASED PERSONS—RIGHT TO LETTERS UPON MOTHER'S ESTATE—CONVEYANCE BY SON TO FATHER—DEATH OF FATHER—PREFERENCE OF DAUGHTER.—A son who has conveyed all his interest in the estate of his deceased mother to his father is not entitled to administer upon his mother's estate in preference to his sister, notwithstanding the intervening death of the father prior to the application for letters. Such son is not entitled to any distribution of his mother's estate; and if he obtains any part of it, it can only be as heir of his father, and through distribution of his father's estate.

APPEAL from an order of the Superior Court of Santa Clara County appointing an administratrix. M. H. Hyland, Judge.

The facts are stated in the opinion.

C. D. Wright, for Apellant.

John E. Richards, for Respondent.

GRAY, C.—This was a contest between a son and a daughter for letters of administration upon the estate of Cresencia R. Edson, their deceased mother. The order was in favor of the daughter, and the son appeals. The heirs of the deceased mother were her husband (the father of all her children), one son, several daughters, and several grandchildren. The son conveyed all his interest in the mother's estate to his father, and subsequently the father died intestate. Application for letters of administration on the father's estate were made of even date with the petition herein, and the father's estate was in the process of administration at the time of the hearing of the contest.

We think the son not entitled to letters on the mother's estate as against the daughter. Section 1365 of the Code of Civil Procedure provides that the relatives of the deceased are entitled to administer "only when they are entitled to succeed to his personal estate, or some portion thereof." The son, having conveyed away all interest in his mother's estate, was not at the date of the contest entitled to succeed to any portion thereof. It is true that upon the death of his father he might possibly again come into some portion of the estate that he had conveyed to the father in his lifetime; but this would be as the heir of his father, and not as the heir of his mother. He had parted with all his rights as the heir of his mother after her death and before the death of the father; and his former interest in his mother's estate must be distributed to his father's estate, and then, in case there is any of it left after his father's debts, funeral expenses, expense of administration, and any possible family allowance are paid, he may hope to receive his distributive share of it *under a decree made in the estate of his father*. This construction of the law finds support in *In re Davis*, 106 Cal. 453; *Estate of Wakefield*, 136 Cal. 110; *In re McLaughlin*, 103 Cal. 429; *Starkie's Appeal*, 2 Pa. St. 160; and nothing further need be here added to those cases to make the question plain.

The son not being entitled to administer, and the daughter being entitled, of course her appointment was proper.

We advise that the order appointing Evodia P. Edson as administratrix be affirmed.

Chipman, C., and Harrison, C., concurred.

For the reasons given in the foregoing opinion, the order appointing Evodia P. Edson as administratrix is affirmed.

McFarland, J., Lorigan, J., Henshaw, J.