O'ROURKE, APPELLANT, *v.* HARPER ET AL., RESPONDENTS.

(No. 2,389.)

(Submitted March 14, 1907.   Decided March 21, 1907.)

(89 Pac. 65.)

*Sureties—Administrators—Bonds—Liability.*

Public Administrators—Right to Administer upon Estates—How Acquired.
  1.   Under section 4511 of the Political Code, a public administrator does not become *ex officio* administrator of any estate, but he must procure letters of administration in like manner as any other applicant for letters.

Same—Sureties—Liability on Bond.
  2.   A public administrator had been twice elected as such, the second time immediately succeeding the first.   His bondsmen on his second election were not the same as those for his first term.   During his first term he was, by virtue of his office, appointed administrator of a certain estate and as such received large sums of money during both terms, which he converted to his own use.   The conversion took place in his second term.   Plaintiff having a claim against the estate, which had been allowed prior to the administrator's first term, upon nonpayment thereof brought suit against the sureties on the administrator's second official bond.   The court sustained a general demurrer to the complaint and entered judgment for defendants.   *Held,* that the action of the court was correct, in that the administrator's authority to administer upon the estate in question was derived from letters granted

during his first term, and that therefore the sureties on his second official bond are not liable for his acts or omissions as such officer before they became his bondsmen.

*Appeal from District Court, Deer Lodge County; Geo. B. Winston, Judge.*

ACTION by John O'Rourke against W. W. Harper and J. P. Stagg. Defendants had judgment, and plaintiff appeals therefrom. Affirmed.

*Mr. J. J. McCaffery,* and *Mr. J. J. McHatton,* for Appellant.

The respondents are jointly and severally liable with the bondsmen on the former bond, for any misfeasance, or malfeasance of J. S. Wisner, with reference to said estate, occurring subsequent to the time when Wisner's second term of office as public administrator began, and when he entered upon the discharge of the duties thereof. The cases of *Estate of Averline,* 53 Cal. 259, *In re Pingree,* 100 Cal. 80, 34 Pac. 521, *In re Craigie's Estate,* 24 Mont. 43, 60 Pac. 495, relied on by respondents are inapplicable.

If a public administrator succeeds himself and gives a new bond, the second bond covers liability for misappropriation of funds during its life, although the funds came into his hands during the life of his former bond. (*State* v. *Holman,* 93 Mo. App. 611, 67 S. W. 747; *State* v. *Purdy,* 67 Mo. 89; see, also, 18 Cyc. 131, 1251; *Beckett* v. *Selover,* 7 Cal. 215, 68 Am. Dec. 237; *Bucklen* v. *McGuire,* 58 Ala. 226.)

It has been held that it is not even necessary to issue letters to the public administrator. (*Abel* v. *Love,* 17 Cal. 233.) During the time from his second qualification and the giving of bond, Wisner was chargeable as public administrator, and therefore the respondents are liable. (*Healy* v. *Superior Court,* 127 Cal. 659, 60 Pac. 428; *Los Angeles County* v. *Kellogg,* 146 Cal. 590, 80 Pac. 861.) It has been held that the second bond is liable for default occurring during its term, although the application of the money has been made to the discharge of an obliga-

tion existing prior to the commencement of the term. (*Pine County* v. *Willard*, 39 Minn. 125, 12 Am. St. Rep. 622, 39 N. W. 71, 1 L. R. A. 118; *People* v. *Hammond*, 109 Cal. 393, 42 Pac. 36; *Walker County* v. *F. & D. Co.*, 107 Fed. 855, 47 C. C. A. 15.)

By section 1067, Political Code, as amended by Laws of 1899, page 79, an officer may be required to give an additional bond; by section 1068, such additional bond is as effective and binding from the date of its execution as the original bond; and by section 1069, the original bond is not discharged or affected. Section 1070 makes the officer and his sureties liable to any party injured by breach of the bond, for its execution upon either or both bonds. So that we have the declared policy of the law clearly stated by the statute itself. The bond of these respondents stands as an additional bond; although not required by any order of the court, it was required by the law, and given under its provisions. (*Lacosta* v. *Splivalo*, 64 Cal. 35, 30 Pac. 571.)

*Messrs. Rodgers & Rodgers*, and *Mr. W. H. Trippett*, for Respondents.

Citing: *Rodgers & Hoberlain*, 11 Cal. 128; *Estate of Aveline*, 53 Cal. 259; *In re Hamilton*, 34 Cal. 464; *Olsen* v. *Rich*, 79 Ky. 247; *In re Pingree*, 100 Cal. 78, 34 Pac. 521; *In re Craigie's Estate*, 24 Mont. 43, 60 Pac. 495; *Tyler* v. *Nelson*, 14 Gratt. 214; *Baker* v. *Baldwin*, 48 Conn. 131; *Elkin* v. *People*, 3 Scam. (Ill.) 207, 36 Am. Dec. 541; *Dabney* v. *Smith's Legatees*, 5 Leigh, 13; *Tyree* v. *Wilson*, 9 Gratt. (Va.) 1, 58 Am. Dec. 214; *State* v. *Watts*, 23 Ark. 305; *Studebaker* v. *Johnson*, 41 Kan. 326, 13 Am. St. Rep. 288, 21 Pac. 271; *Marney* v. *State*, 13 Mo. 8; *Colyer* v. *Higgins*, 1 Duvall (62 Ky.), 6, 85 Am. Dec. 601; *Crawn* v. *Commonwealth*, 84 Va. 282, 10 Am. St. Rep. 845, 4 S. E. 721.

MR. JUSTICE SMITH delivered the opinion of the court.

The allegations of the amended complaint in this case are substantially as follows: That John S. Wisner was twice elected public administrator of Deer Lodge county. His first term was

from January, 1903, to January, 1905, and his second from January, 1905, to the time of his death in 1906. The sureties on his official bond for the first term were T. C. Davidson and M. J. Fitzpatrick, and those for the second term were the respondents here, W. W. Harper and J. P. Stagg. During his first term he was, by virtue of his office as public administrator, appointed administrator of the estate of Thos. Ford, deceased. He continued to act as administrator of this estate until his death. As administrator of said estate he received, during his first term as public administrator, a considerable sum of money belonging to said estate, and after the beginning of his second term as public administrator he received, as administrator of the Ford estate, the sum of $3,848.20.

Plaintiff has a claim against the Ford estate, which was duly presented and allowed prior to the first term of Wisner as public administrator. The administrator had on hand sufficient funds belonging to the Ford estate to pay this claim. He did not pay said moneys to the county treasurer, but converted the same to his own use; such conversion taking place during his second term as public administrator and after the defendants, Harper and Stagg, had become his sureties. The plaintiff's claim not having been paid, he brought this action against the sureties on Wisner's second official bond, and the question presented here is: Are said sureties liable for the default of Wisner in the matter of an estate instructed to his care during his first term as public administrator, although such default occurred during his second term? The district court sustained a general demurrer to the amended complaint and entered judgment for the defendant sureties. The appeal is from that judgment

Section 4511 of the Political Code reads as follows: "Whenever a public administrator takes charge of an estate, under order of the court, he must, with all convenient dispatch, procure letters of administration thereon, in like manner and on like proceedings as letters of administration are issued to other persons. His official bond and oath are in lieu of the adminis-

trator's bond and oath, but when real estate is ordered to be sold, another bond must be required by the court.'' This statute is plain: A public administrator must procure letters of administration like any other applicant. He is not *ex officio* administrator of any estate. (*In re Pingree's Estate,* 100 Cal. 78, 34 Pac. 521.) In *Re Craigie's Estate,* 24 Mont. 37, 60 Pac. 495, this court said: ''The expiration of [his] term in the office of public administrator did not prevent him thereafter from administering Craigie's estate. He, and not his successor as public administrator, was entitled to the administrations pending when he went out of office. The administration of an estate commenced by a public administrator, and not completed when his term of office expired, is nevertheless to be completed by him, and does not devolve on his successor.'' To the same effect are the cases of *Rogers* v. *Hoberlein,* 11 Cal. 120', *Estate of Aveline,* 53 Cal. 259, and *Olsen's Admr.* v. *Rich,* 79 Ky. 244.

It seems clear, therefore, that Wisner's authority to administer upon the Ford estate was derived solely from the grant of letters issued to him during his first term of office as public administrator. The fact that he afterward succeeded himself as public administrator has nothing to do with this controversy, and may be treated as though it did not exist. It is equally clear, under the authorities, that Wisner continued to be administrator of the Ford estate after the expiration of his first term as public administrator. It naturally follows that the sureties on his second official bond are not liable for his acts or omissions as administrator of any estate of which he became the representative before they executed their undertaking.

The judgment of the district court of Deer Lodge county is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.