## GRANT v. NATIONAL SURETY CO. et al.

First Division. Juneau. June 20, 1924.

No. 2358-A.

1. **Action ⬅50(8)—Pleadings—Demurrer That Three Causes of Action are Improperly United—Guardian and Ward.**

The guardian of three minor children brought suit on the administrator's bond to recover from the National Surety Company, bondsman, the sum found due the minors by the final decree of the probate court. On demurrer that three causes of action are improperly united, *held*, the action is brought by the guardian on behalf of his wards, to recover from the administratrix and her bondsman, certain moneys adjudged by the probate court to be due from the estate of their father. All the heirs are interested in the subject of the action; i. e., in the right to recover the fund in respect to which the action is brought under section 870, Compiled Laws of Alaska 1913.

⬅See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Executors and Administrators ⬤⟹507(2)—Process—Notice of 60 Days for Settlement of Final Account of Administratrix.**

The administratrix filed her final account, and the probate court made an order directing notice thereof to be given of hearing thereon, not less than 60 days after the making of the order. The notice was so given. On objection that the statute meant 60 days to elapse after the completion of at least 4 weeks' publication of the notice of final settlement, *held*, that it was the intention of Congress that at least 60 days elapse between the entry of the order and the date of hearing.

**3. Executors and Administrators ⬤⟹535—Judgment—Res Judicata—Conclusiveness of a Final Decree on the Final Account of Administratrix.**

The administratrix filed her final account, and notice was given of the settlement thereof. Decree was entered approving the final account, and no exception or appeal taken. On suit on the administratrix's bond, the surety sought to go behind the decree. *Held*, the decree is based on the final report of the administratrix, and when the decree was rendered the administratrix and the minor heirs were present, and no exception was taken to the decree by the administratrix, nor has any appeal been taken therefrom. The administratrix, having then submitted to the jurisdiction of the court, is bound by the decree of the court, and her bondsman, being in privity with her, is also bound.

**4. Executors and Administrators ⬤⟹537(5)—Action on Administrator's Bond may be Brought Immediately on Final Decree.**

Where a decree has been entered ordering distribution to the heirs and the creditors, and the administrator fails to comply therewith, the condition of surety's bond is forfeited, and the heirs and distributees have an immediate right of action on the bond against the principal and surety.

**5. Executors and Administrators ⬤⟹535—Judgment—Res Judicata—Conclusiveness against Collateral Attack.**

Where the administrator has rendered his final report, and it is accepted as such by the probate court, and where, as in this instance, a final hearing is had in the probate court, and a decree of distribution made based upon the final report of the administratrix, neither the administratrix nor the surety can in a collateral proceeding raise an objection to the order of distribution.

**6. Executors and Administrators ⬤⟹535—Decree Binding on Bondsman.**

The final decree in this case was based on the final account of the administratrix. A balance was found by the probate court to be due the minor heirs, and an order entered for the payment of the amount so due. The administratrix failed to make payment, and there has been devastavit by her. On suit to recover on the surety's bond, *held*, the surety is bound; if there was an

⬤⟹See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

error in the decree of the probate court, the remedy of the administratrix and her surety was by appeal therefrom. The decree cannot be collaterally attacked by the surety, in the absence of fraud or collusion.

This action is brought by John G. Grant, as guardian of Catherine Louise Matheson, Mabel Glen Matheson, and Ann Elizabeth Matheson, minor heirs of F. Matheson, deceased, against Mabel Matheson Patterson, administratrix of the estate of F. Matheson, deceased, and the National Surety Company, a corporation, surety on the bond of the administratrix of the aforesaid estate, to recover the sum of $13,057.78, with interest from August 17, 1923.

The complaint, after setting forth the death of F. Matheson in January, 1919, and the appointment of his wife, Mabel, as administratrix of his estate, by the probate court of Wrangell precinct, in February, 1919, and her subsequent marriage to one William Patterson, alleges that the heirs of said F. Matheson were the wife aforesaid and the minor children above mentioned. The complainant then sets forth the filing of the inventory, and the appraisement of the estate, in which the value of the property involved was appraised at the sum of $58,867.80. He then alleges the execution of two bonds by the administratrix and the National Surety Company in the penal sum of $50,000, conditioned on the faithful discharge of her trust as administratrix according to law; copies of such bonds being attached to the complaint and made a part thereof.

Complainant further alleges that the defendant Mabel Matheson Patterson continued to act as administratrix up to August 16, 1923; that on May 18, 1923, she filed in the probate court aforesaid her final account and report of her doings as administratrix; and on August 18, 1923, the probate court of Wrangell precinct, being the court having jurisdiction of the estate, entered its final decree and order of distribution of the estate. A copy of said decree was attached to and made a part of the complaint.

It is further alleged that by said decree the administratrix was ordered and directed to pay to the legal guardian of the three minor heirs of the said F. Matheson the sum of $13,-057.78, of which sum each of said heirs is to receive the sum of $4,352.56, or one-third thereof; that no part of said sum

having been paid, on October 17, 1923, a citation was issued out of the probate court aforesaid, citing the administratrix to show cause why she should not be adjudged in contempt of court for her failure and refusal to abide by the judgment of the court, and make the payments therein decreed, and upon the return of the citation said administratrix was adjudged in contempt for her failure to comply with the said decree and pay over to the guardian the said sum; that thereafter an execution was issued upon the property of the administratrix, and returned "No property found," and that said Mabel Matheson Patterson is insolvent and without property or funds to pay the sum adjudged to be paid to the heirs; that said administratrix has failed and refused to pay to plaintiff as guardian of the said minor heirs, or for their use or benefit, any part of said sum, by reason whereof said bonds are forfeited, and the said the National Surety Company, defendant, is liable therein; and demand has been made on said surety company for the payment of said sum, but that it has failed and neglected to pay any part thereof.

To this complaint, the defendant the National Surety Company interposed a demurrer, alleging that there were three causes of action improperly united, and that the complaint did not state facts sufficient to constitute a cause of action.

James Wickersham, of Juneau, for plaintiff.

Hellenthal & Hellenthal, of Juneau, for defendant National Surety Co.

REED, District Judge. As to the first ground of demurrer, counsel for defendant contends that, as appears from the complaint, the plaintiff is the guardian of three minor heirs; that he holds the estate for the heirs separately, and not jointly; that, as appears from the decree attached to the complaint, the administration of the estate has not been fully completed; and that the creditors are interested in the action and not joined.

The basis of reasoning of defendant's counsel is not apparent. This action is brought by the guardian of the minor heirs under the provisions of section 861, Compiled Laws of Alaska, providing that the actions may be commenced and prosecuted by infants, either by guardian or next friend, and by conservators on behalf of the persons they represent. Un-

der section 1734 of the Compiled Laws it is made the duty of the guardian to sue for and recover all debts due his ward, and represent his ward in all legal proceedings.

This action is brought by the guardian on behalf of his wards, the minor heirs of F. Matheson, deceased, to recover from the administratrix and her bondsman certain moneys adjudged by the probate court to be due them from the estate of F. Matheson, deceased. All the heirs are interested in the subject of the action; i. e., in the right to recover the fund in respect to which the action is brought.

Under section 870 of the Code, all persons having an interest in the subject of the action and in obtaining the relief demanded may be joined as plaintiffs. See Pomeroy Code Remedies (4th Ed.) §§ 117–200.

The first ground of demurrer, in my opinion, is not tenable, and therefore is overruled.

The second ground of demurrer is that the complaint does not state facts sufficient to constitute a cause of action. In support of this contention, it is claimed, on the part of the defendant, that there has been no final accounting, and that the final decree, a copy of which is attached to the complaint, shows that the probate court had no jurisdiction to render the decree, because no sufficient notice of the settlement of the final account of this administratrix was given as provided by section 1694, Compiled Laws of Alaska.

The section referred to provides that, when the estate is fully administered, the administrator should file his final account. After detailing what the final account should contain, the section further provides that, upon the filing of the final account, the commissioner (probate judge) shall make an order directing notice thereof to be given in the same manner as the notice of the appointment of the executor or administrator, and appoint a day not less than 60 days subsequent thereafter for the hearing of objections to said account, and the final settlement thereof.

Counsel for the defendant contends that the 60 days' service referred to in the statute requires 60 days to elapse after the completion of at least 4 weeks' publication of the notice of final settlement, and that it appears, from the final decree of the probate court, that the order directing notice of hearing to be published was made on June 17, 1923, and the day of the

hearing set for August 16, 1923, and that the 60-day period could not have elapsed between the completion of the publication of the notice and the hearing on the final account.

The question is not without difficulty because the phraseology of the section is not happy. The section is taken from Hill's Annotated Laws of Oregon, § 1173. That section of the Laws of Oregon provided that the court shall appoint a day "at some term subsequent thereto." As in this territory, there were no stated terms of the probate court, such as are provided under the laws of the state of Oregon, and as the provision of the Oregon law would be inept, it was recognized that some reasonable time should elapse for filing objections to the final account by parties in interest, and a modification of the section was necessary. Therefore the phraseology "sixty days subsequent thereafter" was substituted in lieu of the phrase "some term subsequent thereto." It is evident that, in changing this section of the Oregon statute, it was the intention of Congress that at least 60 days elapse between the entry of the order and the date of the hearing. In my view, this is the reasonable, grammatical construction of the phrase, and I am therefore of the opinion that the construction sought to be placed on the phrase by counsel for defendants is not correct, and that the probate court had jurisdiction to render the decree.

Furthermore, there is considerable question whether the defendant had not submitted to the jurisdiction of the probate court and is barred from raising the point.

The decree is based on the final report of the administratrix, and, when the decree was rendered, the administratrix and the minor heirs were present, and no exception was taken to the decree by the administratrix, nor has any appeal been taken therefrom. The administratrix, having then submitted to the jurisdiction of the court, is bound by the decree of the court, and her bondsman, being in privity with her, is also bound. See Woerner, Administration, § 255; 24 C. J. pp. 1079–1081, and authorities cited.

A further contention is made that it appears from the decree that the estate is not fully administered, and that it was the duty of the probate court to have discharged the administratrix for waste and devastavit and appoint an administrator de bonis non to complete the administration; that un-

der section 1620 the new administrator would be the proper, and the only proper, person to bring an action against the former administratrix and her bondsman for failure to properly discharge the trust.

It is true that, under the section referred to, the powers of the subsequent administrator are enlarged beyond those provided under the common law, and, if an estate is not fully administered, an administrator de bonis non may sue his predecessor. Yet, where a decree has been entered ordering distribution to the heirs and the creditors, and the administrator fails to comply therewith, the condition of his bond is forfeited, and the heirs and distributees have an immediate right of action on the bond against the principal and the surety.

In my opinion, where the administrator has rendered his final report, and it is accepted as such by the probate court, and where, as in this instance, a final hearing is had in the probate court, and a decree of distribution made, based upon the final report of the administratrix, neither the administratrix nor the surety can in a collateral proceeding raise an objection to the order of distribution. See 24 C. J. p. 1080.

Other defects and irregularities in the decree of the probate court are suggested by the defendant, from which the defendant draws the conclusion that the decree is not a final settlement of the accounts of the administratrix, and that until a final account is rendered, and final decree is entered, the distributees are not entitled to sue.

In answer to this, it may be said that the decree is based on the final account of the administratrix of her trust; a balance is found by the probate court to be due the minor heirs, and an order entered for the payment of the amount so due the plaintiffs. The complaint further shows the failure of the administratrix to make such payment, and that there has been devastavit by her. Such being the case, the surety is bound. If there was error in the decree of the probate court, the remedy of the administratrix and her surety was by appeal therefrom; the decree cannot be collaterally attacked by the surety in the absence of fraud or collusion. See Stovall v. Banks, 10 Wall. 583, 19 L. Ed. 1036; Bellinger v. Thompson, 26 Or. 320, 347, 37 P. 714, 40 P. 229; Woerner, Administration, § 255; Thompson v. Dekum, 32 Or. 506, 52 P. 517, 755; Mc-

Clellan v. Downey, 63 Cal. 520–523; Beall v. New Mexico, 16 Wall. 535, 21 L. Ed. 292.

Being of the opinion that the demurrer is without merit, the same is overruled.