[S. F. No. 14612. In Bank.—December 15, 1933.]

In the Matter of the Estate of PAUL HERRIOTT, Deceased. ALBERT E. HILL, Public Administrator, etc., Appellant, v. ANNA GRACE HERRIOTT, Respondent.

Earl Warren, District Attorney, and Nathan Harry Miller and Stanley C. Smallwood, Deputies District Attorney, for Appellant.

Roscoe D. Jones for Respondent.

PRESTON, J.—Paul Herriott, a member of the expeditionary forces of the United States, died intestate in

France on May 2, 1918, unmarried and without issue, being at the time a resident of the county of Alameda, and leaving as his sole estate his right as a soldier under a war risk policy of insurance in the sum of ten thousand dollars, issued pursuant to the act of Congress approved September 2, 1914, and acts amendatory and supplementary thereto (title 38, U. S. C. A., sec. 514). He left surviving him a father and mother, two brothers and two sisters. The father died intestate and without estate or indebtedness on December 18, 1923. The mother died in like situation and condition on February 13, 1931. The mother had been named as beneficiary under the war risk policy and had received monthly payments thereunder until the date of her death, following which, under said act of Congress, the remainder value of the policy reverted to the estate of the deceased soldier. The value of such unpaid residue is now $4,389, and this sum admittedly belongs to the brothers and sisters of said decedent, subject to administration by the probate court, and distribution will be made to them directly upon the conclusion of the administration of said estate (sec. 1023, Probate Code; *McClellan* v. *Downey*, 63 Cal. 520; *Estate of Horman*, 167 Cal. 473 [140 Pac. 11]).

In this state of the case a contest has arisen between the public administrator of Alameda County on the one hand and a sister of the deceased soldier on the other, for letters of administration. The petition of the sister, Anna Grace Herriott, was filed on May 8, 1931; that of the public administrator on May 19, 1931. The court below, on December 30, 1931, awarded letters of administration to the sister and denied the petition of the public administrator, who has now appealed.

▉ The right to letters is statutory and is determined by proper interpretation of section 422 of the Probate Code (formerly section 1365 of the Code of Civil Procedure), which in this behalf reads as follows: ''Administration of the estate of a person dying intestate must be granted to one or more of the following persons, who are entitled to letters in the following order, the relatives of the decedent being entitled to priority only when they are entitled to *succeed* to the estate or some portion thereof: . . . (4) The parents. (5) The brothers and sisters. . . . (8) The public administrator. . . . ''

■ It is clear at the outset that when the decedent died neither of the parties here concerned could have successfully applied for letters of administration upon his estate, for until the death of the father, both mother and father would have been preferred to them under the statute had they applied for said letters. This right continued in the mother until her death. So until February 13, 1931, neither of these parties contestant had a preferential right to letters of administration. ■ We reason, therefore, that in order to prevail appellant must concede that the status of the parties at the time letters are granted must control. (*In re McLaughlin,* 103 Cal. 429 [37 Pac. 410]; *In re Pingree,* 100 Cal. 78 [34 Pac. 521]; *Estate of Engle,* 124 Cal. 292 [56 Pac. 1022]; *Estate of Connick,* 189 Cal. 498–501 [209 Pac. 356].) At this point of time, in the absence of administration upon the estates of the deceased parents, the brothers and sisters were entitled, under the facts here present, to have distributed to them, as heirs at law of their parents, the whole of the estate of the decedent. The word "succeed" as used in the above-quoted provision seems broad enough to include one in their class.

The case of *Estate of Wakefield,* 136 Cal. 110 [68 Pac. 499], so strongly relied upon by appellant, is distinguishable from the instant cause. There the daughter and mother met their death on the ill-fated steamer "Rio Janeiro" in 1901. The daughter predeceased the mother. A contest arose for the right to letters of administration between the brothers of the deceased daughter and the public administrator. It was there held that it was through the decree of distribution in the estate of the mother that the sons took the property left by their sister, and not as heirs at law. · But in that case the mother not only left other estate than that inherited from her daughter, but she also left a will disposing of all of her estate. Necessarily, therefore, the line of succession was interrupted by the testamentary act of the mother. In the instant case, the right to inherit comes by operation of law from kinship to decedent and by reason of the peculiar facts, no right in the mother's or father's estate is involved. The Wakefield case is not authority for what the holding of the court would have been therein had the mother died intestate and

without indebtedness or other estate than the right as heir of the daughter.

The order is affirmed.

Shenk, J., Thompson, J., Langdon, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.