[L. A. No. 29617.   In Bank.   Apr. 17, 1969.]

Estate of HARRY M. STEPHENS, Deceased. LEAH R. FIELD, Petitioner and Appellant, v. JAMES E. HEIM, as Public Administrator, etc., Petitioner and Respondent.

Frank T. Hennessey and Edward L. Lascher for Petitioner and Appellant.

Adrian Kuyper, County Counsel, and John M. Patterson, Deputy County Counsel, for Petitioner and Respondent.

John D. Maharg, County Counsel, and Henry W. Gardett, Deputy County Counsel, as Amici Curiae on behalf of Petitioner and Respondent.

BURKE, J.—In this appeal from an order appointing the Public Administrator of Orange County as administrator of the estate of Harry M. Stephens, deceased (decedent), we have concluded that under the provisions of section  422 of

the Probate Code[1] the trial court correctly accorded preference to the public administrator over appellant Field, and that the order should be affirmed.

Decedent Stephens died intestate, survived by his mother, Olive M. Stephens, his sole heir at law. Mrs. Stephens died testate nine days later. By her will she left her estate, including her interest in decedent's estate, to her sister Mrs. Leah Field (decedent's aunt) and to two nieces. Mrs. Field was appointed administratrix with the will annexed of Mrs. Stephens' estate in Los Angeles County. Both Mrs. Field and respondent public administrator then applied for letters of administration for decedent's estate in Orange County. Letters were granted to the public administrator and Mrs. Field appeals.

The sole issue is the application of section 422.[2] The facts here parallel those of *Estate of Wakefield* (1902) 136 Cal. 110 [68 P. 499], in which this court held that brothers did not "succeed to the estate" of their sister within the meaning of the section, when their mother, as sole surviving heir of the sister, died leaving a will naming them as beneficiaries. Accordingly, they had no priority over the public administrator, who was entitled to letters of administration of the sister's estate. In so holding this court pointed out that since the mother succeeded to the estate of her daughter, it was impossible that the brothers could thereafter succeed to it; that although the mother had actually disposed of the daughter's estate by will, if the mother had died intestate even then the brothers would not have *succeeded* to their sister's estate, but instead would have been heirs at law of their mother—not heirs at law of their sister. (Pp. 111-112 of 136 Cal.)

This approach is obviously sound, and was adhered to in *Estate of Edson* (1904) 143 Cal. 607 [77 P. 451], in which a son had conveyed to his father all of his interest as an heir in the estate of his deceased mother. When, upon the father's

---

[1]All section references are to the Probate Code unless otherwise stated.

[2]Section 422 of the Probate Code (formerly section 1365 of the Code of Civil Procedure) provides in pertinent part: "Administration of the estate of a person dying intestate must be granted to one or more of the following persons, who are entitled to letters in the following order, the *relatives* of the decedent *being entitled to priority only when they are entitled to succeed to the estate or some portion thereof*: [1-5: Surviving spouse, children; grandchildren, parents, brothers and sisters.] . . . (6) The next of kin entitled to share in the estate. . . . (8) The public administrator. . . . (10) Any person legally competent." (Italics added.)

death, the son sought letters of administration upon the estate of the mother, this court held that having conveyed away his interest in the mother's estate he had lost his right to succeed to any portion thereof and his right to letters. Once more it was pointed out that although upon the father's death the son might again come into some portion of the mother's estate, this would be as the heir of the father and not as the heir of the mother, and any share he received would be *under a decree made in the estate of the father*. (See also *Estate of Selb* (1949) 93 Cal.App.2d 788, 791 [210 P.2d 45], holding, in reliance on *Wakefield* and *Edson, supra,* that a grandson was eliminated as to priority under section 422, as ''He would be entitled to succeed under his father, but not under his grandmother, Mrs. Selb, for the reason his father died after his grandmother.'')

So in the present case, although it appears that Mrs. Field will share in the estate of decedent's mother Olive M. Stephens, including whatever remains of the mother's interest in the decedent's estate after payment of the debts and costs of administration in the estates of both decedent and his mother, it is only through decedent's mother and a decree made in her estate and not as the heir of decedent that any assets of decedent's estate will eventually reach Mrs. Field. Nothing in *Estate of Herriott* (1933) 219 Cal. 529 [28 P.2d 355], is persuasive to the contrary. There decedent, a soldier, left as his sole asset a war risk policy of insurance under which his mother, as named beneficiary, received monthly payments until her own death, upon which the unpaid residue of some $4,400 reverted to the soldier's intestate estate, to be distributed directly therefrom to his brothers and sisters as his sole living heirs. In awarding letters of administration on the soldier's estate to one of his sisters as against a claim of priority by the public administrator, this court, distinguishing *Wakefield, supra* (*Estate of Wakefield* (1902) 136 Cal. 110), noted that ''In the instant case, the right to inherit comes by operation of law from kinship to decedent and by reason of the peculiar facts, no right in the mother's or father's estate is involved.'' (P. 531 of 219 Cal.) In *Wakefield,* as related, it was only by reason of a right in the estate of the mother whose death followed that of the sister, that the brothers would receive any of the assets of their sister's estate.

*Estate of Crites* (1909) 155 Cal. 392 [101 P. 316], *Estate of Stickelbaut* (1960) 54 Cal.2d 390 [6 Cal.Rptr. 7, 353 P.2d

719], *Estate of Mullane* (1967) 253 Cal.App.2d 441 [61 Cal. Rptr. 366], *Estate of Trissel* (1962) 208 Cal.App.2d 188 [25 Cal.Rptr. 205], *Estate of Jacobs* (1950) 100 Cal.App.2d 452 [223 P.2d 898], and *Estate of Schwartz* (1947) 79 Cal.App.2d 301 [179 P.2d 863], are equally lacking in comfort to Mrs. Field. In none of those cases did the relative claiming priority of right to letters of administration take only through a second or intermediate decedent and only after administration of and under a decree in the second decedent's estate; rather, the claim of priority was based upon the right to share directly in the estate of the primary decedent either as an heir at law, or under the will, of the primary decedent. In the instant case, appellant Mrs. Field is a relative who takes nothing from the estate of the primary decedent, Harry Stephens, by either will or succession.

Additionally, the cases cited in the last paragraph dealt with the direction of Probate Code section 409 (formerly sections 1350, 1350a, of the Code of Civil Procedure) that "Persons are entitled to appointment as administrators with the will annexed in the same order of priority as in the appointment of administrators." They established and adhered to the rule that if the will disinherits a relative then he does not qualify as one "entitled to succeed" and has no priority of right to letters, whereas a relative who takes under the will is so qualified. (See also *Estate of Locke* (1968) 258 Cal.App.2d 617, 620 [65 Cal.Rptr. 884].) In 1963 the Legislature codified this rule by amending section 409 to provide the exception that "one who takes under the will has priority over one who does not, and need not be entitled to succeed to the estate or some portion thereof under the law of succession." (See *Estate of Mullane, supra,* 253 Cal.App.2d 441.) However, the Legislature has not seen fit to provide and no case has held that when, as here, the relative will share in assets of the primary estate only through the estate of a second decedent, any priority arises of right to letters of administration in the primary estate.

The order appealed from is affirmed.

Traynor, C. J., McComb, J., Peters, J., Tobriner, J., Mosk, J., and Sullivan, J., concurred.