[Civ. No. 6437.   Third Dist.   Feb. 14, 1942.]

JAMES IRVINE et al., Appellants, v. THE SACRAMENTO AND SAN JOAQUIN DRAINAGE DISTRICT et al., Respondents.

W. Coburn Cook for Appellants.

Earl Warren, Attorney General, and Ralph H. Cowing, Deputy Attorney General, for Respondents.

PARKER, J. pro tem.—This is an appeal from a judgment entered after an order sustaining defendants' demurrer to a second amended complaint. The action was commenced against a large number of defendants other than those named in the title. The only questions presented on this appeal, however, are between plaintiffs, appellants, and the defendants The Sacramento and San Joaquin Drainage District and the State Reclamation Board.

The complaint in much detail sets forth the organization of Reclamation District No. 784, its subsequent history and the unhappy ending of the dreams surrounding the enterprise.

It summarizes that unforgettable era sometimes referred to as the Depression and by way of sidelight appear the many plans outlined from the beginning of the district, namely, the proposed improvements, the issuance of bonds and the levying of assessments; then the efforts of the landowners to repay the bonds, the delinquencies occurring and finally the sales.

The complaint stresses the abandoned hopes of that never-to-be-forgotten man, the bondholder, whose tragic plight is accentuated by his loneliness, and who, after all relief legislation was enacted and moratoria expired, is left pondering ways and means to recoup his loss; and he is the complainant here.

The complaint presents fully the proceedings had in this particular district resulting in delinquent sales, the acquisition by the various officers of large holdings as trustees, etc., and finally recites that in the process of reclamation legislation the defendants named, in some capacity, whether as a sovereign agency or otherwise, took over certain parcels of land held in trust as aforesaid. It is claimed, and it seems quite apparent, that a controversy arises between the parties named which is of a nature requiring judicial determination declaring the rights and liabilities of all parties concerned.

The *action is maintained under sections* 1060, et seq., of the Code of Civil Procedure.

Defendants interposed demurrers which were, by the court, sustained, and leave to amend was denied.

The one point involved on this appeal is whether an action for declaratory relief may or may not be brought against the state or any of its political agencies or subdivisions.

It is conceded that the action is one seeking declaratory relief and it is further conceded by all sides that the defendants and respondents here are governmental agencies of the State of California.

At the time the within case was submitted there seemed to be little direct authority on the question in California. There were persuasive authorities from other jurisdictions supporting the position of the respondents, and the general theory, as expounded by the law writers, seemed in accord therewith. However, since the submission, the point has been decided expressly in the case of *Bay Shore Sanitary District* v. *County of San Mateo,* 48 Cal. App. (2d) 337 [119 Pac. (2d) 752]. The ruling distinctly and affirmatively determines that the action provided for in section 1060 of the Code of Civil Procedure, an action for declaratory relief, does not lie against the state or any of its political subdivisions or agencies.

The judgment is affirmed.

Tuttle, J., and Thompson, Acting P. J., concurred.