[Sac. No. 195.   Department One.—October 7, 1896.]

## In the Matter of the Estate of THEIS EGGERS, Deceased.

Estates of Deceased Persons— Right to Letters of Administration.— Under section 1365 of the Code of Civil Procedure, the public administrator is entitled to letters of administration upon the estate of an intestate, as against a relative of the deceased who is not entitled to any share in the distribution of the estate.

Appeal from an order of the Superior Court of Glenn County granting letters of administration. Frank Moody, Judge.

The facts are stated in the opinion.

*Charles L. Donohue,* and *George D. Dudley,* for Appellant.

*H. B. Sanders,* and *Seth Millington,* for Respondent.

BELCHER, C.—Theis Eggers died intestate in the county of Glenn, of which he was a resident, on the seventh day of October, 1895, leaving a small estate consisting of personal property. On the 15th of November following, A. Cartenberg filed in the superior court of that county his petition praying that letters of administration on the estate of said deceased be issued to him. Thereafter, on the 25th of the same month, J. O. Johnson, public administrator of the county, filed opposition to the appointment of Cartenberg as administrator, and his petition praying that letters of administration on the estate be issued to him. The two petitions were heard at the same time, and on December 30, 1895, the court denied the petition of the public administrator, and ordered letters of administration on the estate to be issued to Cartenberg. From that order the public administrator has appealed.

The Code of Civil Procedure, section 1365, provides : "Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, the relatives of the deceased being entitled to administer only when they are entitled to succeed to his personal estate, or some portion thereof; and they are, respectively, entitled thereto in the following order : . . . . 7. The next of kin entitled to share in the distribution of the estate; 8. The public administrator."

And the Civil Code, section 1386, subdivisions 2 and 3, provides that if the decedent leave no issue, nor husband or wife, the estate goes to his father and mother in equal shares, and, if either be dead, then the whole goes to the other; and if there be neither issue, husband, wife, father nor mother, then the estate goes in equal shares to the brothers and sisters of the decedent.

It was proved at the hearing that Cartenberg, to whom letters were ordered to be issued, was a second cousin of the deceased; that the deceased had no other relatives in this country; but that his father and a brother were living at Hamburg in Germany.

Under this showing it is clear that Cartenberg was not entitled to succeed to the personal estate of the deceased, or any portion thereof. He was therefore not entitled, as against the public administrator, to letters of administration on the estate, and the court erred in granting his petition. (*In re Carmody*, 88 Cal. 616; *In re Davis*, 106 Cal. 453.)

The decision in *Anderson* v. *Potter*, 5 Cal. 64, cited and relied upon by respondent, is based upon a statute, the language of which has been materially changed by the code, and is therefore not in point.

The suggestion in the brief of respondent that since the appeal in this case was perfected the appellant has removed from Glenn county, thereby vacating his office as public administrator, cannot be considered on this appeal.

The order appealed from should be reversed and the cause remanded for further proceedings.

Vancliff, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed and the cause remanded for further proceedings.

Harrison, J., Van Fleet, J., Garoutte, J.