[Civ. No. 11872. First Dist., Div. Two. Dec. 8, 1941.]

BAYSHORE SANITARY DISTRICT, Appellant, v. COUNTY OF SAN MATEO, Respondent.

Frank V. Kington for Appellant.

Gilbert D. Ferrell, District Attorney, for Respondent.

SPENCE, J.—Plaintiff brought this action seeking declaratory relief against the defendant county of San Mateo. The

trial court sustained defendant's demurrer to the complaint without leave to amend and this appeal followed.

A preliminary point raised by defendant should be mentioned. The order sustaining the demurrer without leave to amend was entered on September 23, 1940, but, through inadvertence, no judgment was entered at that time. On October 2, 1940, plaintiff served and filed its notice of appeal "from the judgment entered in the above entitled superior court on the 23rd day of September, 1940, in favor of defendant and against plaintiff, and from the whole thereof." On October 24, 1940, the trial court signed and caused to be entered a judgment in favor ,of defendant and ordered that "this judgment be entered *nunc pro tunc* this day as of September 23, 1940."

While defendant calls our attention to the above mentioned facts, it appears unnecessary to discuss the situation thus presented. Defendant has made no motion to dismiss the appeal and, for the reasons hereinafter stated, we believe the trial court correctly sustained defendant's demurrer without leave to amend and that the judgment in favor of defendant should be affirmed.

The main question argued by the parties is the question of whether the section 1060 of the Code of Civil Procedure, relating to actions for declaratory relief, authorizes the bringing of such an action against the state or its political subdivisions. Plaintiff claims that it does and defendant claims that it does not.

Said section 1060 reads as follows: "Any person interested under a deed, will or other written instrument, or under a contract, or who desires a declaration of his rights or duties with respect to another, or in respect to, in, over or upon property, or with respect to the location of the natural channel of a watercourse, may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an action in the superior court for a declaration of his rights and duties in the premises, including a determination of any question of construction or validity arising under such instrument or contract. He may ask for a declaration of rights or duties, either alone or with other relief; and the court may make a binding declaration of such rights or duties, whether or not further relief is or could be claimed at the time. The declaration may be either affirmative or nega-

tive in form and effect, and such declaration shall have the force of a final judgment. Such declaration may be had before there has been any breach of the obligation in respect to which said declaration is sought.''

The foregoing section authorizes any ''person'' to bring such action against ''another'' under certain circumstances. Is the state or one of its political subdivisions a ''person'' within the meaning of said section?

Plaintiff argues that ''A corporation, whether private or public, is a person,'' (See *City of Pasadena* v. *Stimson*, 91 Cal. 238, 248 [27 Pac. 604]), but this general statement is subject to the qualification that in statutes creating new rights or affording new remedies, general language will not be held to create such rights or to afford such remedies against the state or its political subdivisions in the absence of a clear indication that such was the legislative intent. (*Newcomb* v. *City of Newport Beach*, 7 Cal. (2d) 393 [60 Pac. (2d) 825]; *Kearney Inv. Co.* v. *Golden Gate Ferry Co.*, 198 Cal. 560 [246 Pac. 322]; *State* v. *Royal Consolidated Mining Co.*, 187 Cal. 343 [202 Pac. 133]; *Berton* v. *All Persons*, 176 Cal. 610 [170 Pac. 151]; *Miles* v. *Ryan*, 172 Cal. 205 [157 Pac. 5]; *Whittaker* v. *County of Tuolumne*, 96 Cal. 100 [30 Pac. 1016]; *Mayrhofer* v. *Board of Education*, 89 Cal. 110 [26 Pac. 646, 23 Am. St. Rep. 451].) This rule of statutory construction is expressed in 23 Cal. Juris. at page 625: ''Statutes are ordinarily designed for the government of citizens and residents rather than the state, and it is settled that the state is not bound by general words of a statute or code provision which would operate to trench upon its sovereign rights, injuriously affect its capacity to perform its functions, or establish a right of action against it, unless the intent to bind it thereby otherwise clearly appears. General language should not be construed to apply to the government or its agencies unless expressly included by name.'' (See also 23 Cal. Jur. 579; *Balthasar* v. *Pacific Elec. Ry. Co.*, 187 Cal. 302 [202 Pac. 37, 19 A. L. R. 452]; *Lossman* v. *City of Stockton*, 6 Cal. App. (2d) 324 [44 Pac. (2d) 397].)

The section under consideration contains only general language, there being no express mention by name of the state or any of its political subdivisions. Furthermore, a reading of the entire section does not give any clear indication that the legislature intended that actions for declaratory

relief should be maintained thereunder against the state or any of its political subdivisions. Under these circumstances, we are of the view that the authorities above cited sustain the position taken by the trial court.

In reaching the foregoing conclusion, we are aware of the fact that actions for declaratory relief have been brought against certain political subdivisions of this state and that it has been assumed in certain decisions that said remedy was available. (See *Henderson* v. *Oroville-Wyandotte Irrigation District*, 207 Cal. 215 [277 Pac. 487]; *Andrews* v. *City of Piedmont*, 100 Cal. App. 700 [281 Pac. 78].) It does not appear, however, that it was urged in said cases that said remedy was not available against such political subdivisions because of the rules of statutory construction to which reference has been made. We see no escape from the foregoing conclusion under the authorities hereinbefore cited.

The judgment is affirmed.

Nourse, P. J., and Dooling, J. *pro tem.*, concurred.