[Civ. No. 12176.   First Dist., Div. Two.   Aug. 11, 1942.]

Estate of PIERRE JOSEPH MICHAUD, Deceased. JESSIE A. SPALDING, Public Administratrix, etc., Appellant, v. JULES BOUTIN, Respondent.

Randall O'Neill, Morettini & O'Neill and Henry A. Gabriel for Appellant.

Arnold Rumwell for Respondent.

DOOLING, J. pro tem.—This is an appeal by the public administratrix of Santa Clara County from an order denying the petition of appellant to be appointed administratrix of the estate of Pierre Joseph Michaud, deceased, and appointing respondent Jules Boutin administrator.   Jules Boutin is a first cousin of the decedent.   His testimony on the hearing disclosed that the decedent had a father and two brothers residing in that part of France now occupied by Germany, that he had last seen them when he was in France in 1909, had not heard from them since that time and did not know whether they were living or dead.   Appellant takes the position that this evidence is not sufficient to establish that Boutin

is in the class of "next of kin entitled to share in the estate" (Prob. Code, § 422), and that in the absence of such showing the public administratrix is entitled to preference of appointment over Boutin. *(Estate of Eggers,* 114 Cal. 464 [46 Pac. 380].)

We need not decide whether the evidence would support a finding that decedent left no closer relatives living than respondent Boutin since in our opinion this appeal is governed in any event by Probate Code sections 259, 259.1 and 259.2, enacted in 1941 and reading (in part) as follows:

"259. The rights of aliens not residing within the United States or its territories to take either real or personal property or the proceeds thereof in this State by succession . . . is dependent in each case upon the existence of a reciprocal right upon the part of citizens of the United States to take real and personal property and the proceeds thereof upon the same terms and conditions as residents and citizens of the respective countries of which such aliens are inhabitants and citizens. . . .

"259.1. The burden shall be upon such nonresident aliens to establish the fact of existence of the reciprocal rights set forth in Section 259.

"259.2. If such reciprocal rights are not found to exist and if no heirs other than such aliens are found eligible to take such property, the property shall be disposed of as escheated property."

Assuming, as claimed by appellant, that the evidence is not sufficient to negative the existence of closer relatives of decedent residing in that part of France now occupied by Germany, no attempt was made to prove that such relatives would be entitled to inherit under Probate Code section 259, a burden clearly cast upon appellant by section 259.1, since appellant's sole claim to the right to administer depends upon a showing that respondent Boutin is not one of "the next of kin entitled to share in the estate."

This follows necessarily from the provisions of section 259.2 which must be construed as giving more remote kindred resident in this country the right to inherit where the nearer relatives resident in a foreign country are barred from inheritance by section 259. It is a settled rule of the common law that "Incapacity of the heirs first entitled to succeed to property will not effect an escheat, but the property will pass to the persons next entitled to take as though the first heirs had not existed." (19 Am. Jur., 388; 30 C. J. S., 1166; *Orr*

v. *Hodgson,* 4 Wheat. (U. S.) 453 [4 L. Ed. 613] ; *Connolly* v. *Probate Court,* 25 Idaho 35 [136 Pac. 205].) The language of section 259.2, ''if no heirs other than such aliens are found eligible to take such property,'' should be construed in view of this rule of law to entitle respondent Boutin, as a first cousin, to inherit, if all nearer relatives are nonresident aliens barred from inheritance by section 259.

The order appealed from is accordingly affirmed.

Nourse, P. J., and Spence, J., concurred.