[S. F. No. 17058.   In Bank.   Mar. 31, 1948.]

Estate of IGNAZIO BEVILACQUA, Deceased.   PIETRO BEVILACQUA, Appellant, v. PHIL C. KATZ, as Public Administrator, etc., Respondent.

Charles Baer for Appellant.

Robert W. Kenny, Attorney General, and Everett W. Mattoon, Deputy Attorney General, as Amici Curiae on behalf of Appellant.

Henry F. Boyen, Frank J. Fontes and A. E. Levinson for Respondent.

Herbert Wechsler, Assistant Attorney General of the United States, Harry LeRoy Jones, Wallace H. Walker, M. H. Isenbergh, Special Assistants to the Attorney General, Frank J. Hennessy, United States Attorney, Arthur J. De Lorimier, Assistant United States Attorney, David Schwartz, Chief Trial Attorney, Raoul Berger, General Counsel to the Alien Property Custodian, C. E. Rhetts, Acting Head, War Division, Richard P. Lott and John Ernest Roe, as Amici Curiae on behalf of Respondent.

GIBSON, C. J.—This is an appeal from an order granting letters of administration to the public administrator and denying the petition of appellant, a first cousin of decedent. The questions raised relate to the inheritance rights of nonresident aliens and are similar to those considered in *Estate of Knutzen, ante,* p. 573 [191 P.2d 747], this day filed. The pertinent provisions and history of sections 259, 259.1 and 259.2 of the Probate Code are set forth in that case and need not be repeated here.

At the hearing on the petitions for letters, the only witness was appellant who testified that he was a resident of California and that decedent, who died about January 28, 1944, was also a resident of this state. He further testified that no will had been found, that decedent died intestate leaving a wife and four adult children, all of whom were aliens residing in Italy, and that appellant was a first cousin, the only relative

of decedent residing within the United States. On inquiry by the court, appellant's counsel stated that he was relying on sections 259, 259.1 and 259.2 of the Probate Code and that appellant was entitled to letters in preference to the public administrator because the wife and children were nonresident heirs and not entitled to succeed to the estate. The court then ruled that the code sections were unconstitutional and that the Italian heirs were entitled to the estate subject to the right of the Alien Property Custodian to seize the property. The petition of the public administrator was thereupon granted. No evidence was offered by either party as to the existence or nonexistence of reciprocal rights of inheritance between Italy and the United States, but it is conceded by the parties that there was no treaty in effect between the two countries establishing rights of inheritance.

In view of the decisions in *Clark* v. *Allen*, 331 U.S. 503 [67 S.Ct. 1431, 91 L.Ed. 1633, 170 A.L.R. 953] and *Estate of Knutzen, ante,* p. 573 [191 P.2d 747], it is clear that the trial court erred in adjudging that the code sections were unconstitutional as an invasion of fields reserved to the federal government. Our decision in *Estate of Knutzen* is likewise controlling on certain other issues, and under these code sections it must be held, on the authority of that case, that there is no presumption that the foreign domestic law is the same as that of California, and that proof of reciprocal rights is not limited to those established by treaty.

The public administrator nevertheless maintains that he was properly appointed. It is first asserted that sections 259 et seq., violate the provisions of section 25 of article IV of the state Constitution forbidding the enactment of special laws, but we see no objection to the statute on this ground. The subject matter is clearly within the legislative control, the statute operates uniformly on all persons within the same class, and it cannot be said that there is any arbitrary classification or that the legislation is special within the meaning of the Constitution. (Cf. *Estate of Hill*, 179 Cal. 683, 687-688 [178 P. 710].)

Nor does it appear, as contended, that there is any violation of the due process clause of the federal Constitution. The right to succession exists only by statutory authority and may be changed, limited or abolished by the Legislature at any time prior to the death of the ancestor. (*Estate of Perkins*, 21 Cal. 2d 561, 569 [134 P.2d 231].) There is nothing arbitrary in

the provision placing the burden of proof on the nonresident aliens who, presumably, are in a better position than residents to obtain information concerning foreign law. Moreover, there is no basis for complaint, at least insofar as this proceeding is concerned, in the argument that the statute places the burden of proof on nonresidents who are forbidden, by the Trading with the Enemy Act (40 Stats. 411; 50 U.S.C.A. App. § 1 et seq.), to prosecute any action in law or equity. The Alien Property Custodian is given full authority to succeed to their interests and to take such action as may be necessary to enforce and protect their rights. There is no claim that there was any defect in notice which would deprive the court of jurisdiction (cf., *Farmers etc. Nat. Bk.* v. *Superior Court,* 25 Cal.2d 842 [155 P.2d 823]), but, in any event, since the Alien Property Custodian has issued a vesting order covering all rights of the alien heirs and has stated that he will move to intervene at the proper time, it may be assumed that the interests of those heirs will be properly represented in subsequent proceedings.

The public administrator next asserts that in any event it was proper to deny letters to appellant on the ground that he was not an interested party. It is claimed that section 259.2 provides for an escheat when ''no heirs other than such aliens'' are found to exist, that the quoted words refer to persons in the same degree of kindred, and that there is nothing in the section permitting the substitution of more distant relatives. It is further argued that, if such more distant relatives may take, they can do so only when they claim through ancestors who are not ineligible because of alienage, and that appellant did not prove such a right.

A similar contention was made in *Estate of Michaud,* 53 Cal. App.2d 835, 836 [128 P.2d 595], and it was there held that ''the provisions of section 259.2 must be construed as giving the more remote kindred resident in this country the right to inherit where the nearer relatives resident in a foreign country are barred from inheritance by section 259. It is a settled rule of the common law that 'Incapacity of the heirs first entitled to succeed to property will not effect an escheat, but the property will pass to the persons next entitled to take as though the first heirs had not existed.' (19 Am.Jur. 388; 30 C.J.S. 1166; *Orr* v. *Hodgson,* 4 Wheat., (U.S.) 453 [4 L.Ed. 613]; *Connolly* v. *Probate Court,* 25 Idaho 35 [136 P. 205].) The language of section 259.2, 'if no heirs other than such

aliens are found eligible to take such property,' should be construed in view of this rule to entitle respondent Boutin, as a first cousin, to inherit, if all nearer relatives are nonresident aliens barred from inheritance by section 259.'' This holding is in accord with the purpose and intent of the statute, and we see no reason to depart from it. We therefore cannot say as a matter of law that appellant is not an interested person entitled to succeed to the estate.

It is further contended by the public administrator that section 259.1, relating to burden of proof, applies only in a proceeding to establish the fact of reciprocity, i.e., a proceeding to determine escheat or forfeiture, and that the question of reciprocity cannot be determined in a collateral proceeding by a judgment which is not binding on the next of kin. It is asserted that under section 259.2 it is only where reciprocal rights are ''found'' not to exist that other heirs can have any rights, and that such a finding can be made only in a proceeding to determine the fact of reciprocity.

This argument proceeds on the theory that there cannot be a finding in this proceeding as to the right of appellant to succeed to a part of the estate. However, section 422 of the Probate Code, which sets forth the order of priority of the right to letters, provides that the relatives of the decedent are ''entitled to priority only when they are entitled to succeed to the estate or some portion thereof.'' Hence it is essential for such relative to show, and for the court to find, that he is entitled to share in the estate before the court can grant him letters as against the public administrator. It is therefore not only proper but necessary for the court to make a finding on the matter of the existence of reciprocal rights before it can determine whether appellant is entitled to letters. And it is immaterial that the finding may not be binding on alien relatives or other persons who are not parties to the proceeding. There is nothing in sections 259 and 259.1 to indicate that they were intended to apply only to a proceeding under section 259.2 to determine whether or not the property should escheat to the state. On the contrary, it is plain that the statute is one of succession and that sections 259 and 259.1 apply in any proceeding where the right to inherit is at issue. (See *Estate of Knutzen, ante,* p. 573 [191 P.2d 747].)

Finally it is asserted that section 259.1 is limited in operation to nonresidents and that it does not impose the

burden of proving reciprocal rights on the state or the public administrator. It is argued that the public administrator is not claiming any rights through the nonresident heirs or as their successor, that the state is not bound by general words of a statute and that section 259.1 should not be construed as applying to the public administrator on the theory that he is a public officer performing governmental functions and is under a duty to take official action. The public administrator seeks to invoke the rule of statutory construction that general language will not be interpreted as applying to agencies of the government in the absence of a specific expression of legislative intent. This rule has been applied where the result would be to infringe on sovereign governmental powers. (See *Butterworth* v. *Boyd,* 12 Cal.2d 140, 150 [82 P.2d 434, 126 A.L.R. 838]; *Bayshore Sanitary Dist.* v. *San Mateo County,* 48 Cal.App.2d 337, 339 [119 P.2d 752].) ''Where, however, no impairment of sovereign powers would result, the reason underlying this rule of construction ceases to exist and the Legislature may properly be held to have intended that the statute apply to governmental bodies even though it used general statutory language only.'' (*Hoyt* v. *Board of Civil Service Commrs.,* 21 Cal.2d 399, 402 [132 P.2d 804].)

Moreover, under section 422 of the Probate Code, the next of kin, when entitled to share in the estate, has priority over the public administrator, and when a relative makes a prima facie showing that he is the next of kin and entitled to share in the estate, the public administrator, if he seeks to obtain letters, must undertake the burden of disproving those claims. (Cf., *Estate of Olcese,* 210 Cal. 262, 268 [291 P. 193]; *Estate of Gordon,* 142 Cal. 125, 132, 133 [75 P. 672]; *Estate of De-Brum,* 26 Cal.App.2d 319, 322 [79 P.2d 414].) When the right of a relative to claim as next of kin is based on sections 259 et seq., and he shows that all nearer relatives are nonresident aliens, he is entitled to rely on the statute, and the burden is then on the public administrator or other person who seeks appointment to show the existence of reciprocal inheritance rights.

In the present case, the action of the probate court, in declaring the statute unconstitutional, was in effect a refusal to pass on the question of the existence or nonexistence of reciprocal rights. Appellant, nevertheless, had already established a prima facie case showing a right to letters when he testified that decedent's wife and children were all aliens residing in

Italy, and that he was a first cousin and the only relative of decedent in the United States. Under sections 259 et seq., he was entitled to rely on the fact that the burden of proving reciprocal inheritance rights was on the nonresident aliens. (See *Estate of Knutzen, ante,* p. 573 [191 P.2d 747].) In the absence of any other evidence, there was some proof that he was entitled to inherit the estate, and it was error to deny him appointment as administrator.

The order granting letters of administration to the public administrator and denying letters to appellant is reversed.

Shenk, J., Edmonds, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.