100 Cal.App.2d 452 (1950)
Estate of SAMUEL L. JACOBS, Deceased. CHARLES GREENHAUFF, Respondent,
v.
BEN H. BROWN, as Public Administrator, etc., Appellant.
Civ. No. 17740. 
California Court of Appeals. Second Dist., Div. Three. 
Nov. 15, 1950.
 Harold W. Kennedy, Baldo M. Kristovich and Henry W. Gardett for Appellant.
 Samuel D. Robbins and Ben M. Shera for Respondent.
 VALLEE, J.
 Appeal from an order of the probate court appointing an administrator with the will annexed.
 Samuel L. Jacobs died testate November 2, 1949, a resident of California. His will did not name an executor. He left *453 brothers and sisters surviving who are nonresidents and therefore ineligible for appointment as administrator (Prob. Code, 420) or to nominate. (Estate of Pardue, 22 Cal.App.2d 178 [70 P.2d 678].) He also left respondent Charles Greenhauff, a cousin and a resident of California, surviving. His will gave his entire estate to Greenhauff.
 Greenhauff petitioned for probate of the will and for letters of administration with the will annexed. The public administrator also petitioned for letters. The court found that Greenhauff "is the nearest relative of said decedent entitled to share in the estate." Letters issued to Greenhauff. The public administrator appeals, claiming a prior statutory right. He argues that under the Probate Code "relatives of the deceased are entitled to priority only when they are entitled to succeed to the estate or some portion thereof, under the laws of succession." The question is: Who has priority--the cousin who is the only next of kin in California and who takes the entire estate under the will, or the public administrator?
 Probate Code, section 406, in pertinent part, provides: "If no executor is named in the will ... letters of administration with the will annexed shall be issued." (Formerly part of Code Civ. Proc., 1350a.)
 Probate Code, section 409, in pertinent part, provides: "Persons are entitled to appointment as administrators with the will annexed in the same order of priority as in the appointment of administrators." (Formerly part of Code Civ. Proc., 1350a.)
 Probate Code, section 422, provides: "Administration of the estate of a person dying intestate must be granted to one or more of the following persons, who are entitled to letters in the following order, the relatives of the decedent being entitled to priority only when they are entitled to succeed to the estate or some portion thereof:"
 "(1) The surviving spouse, or some competent person whom he or she may request to have appointed."
 "(2) The children."
 "(3) The grandchildren."
 "(4) The parents."
 "(5) The brothers and sisters."
 "(6) The next of kin entitled to share in the estate."
 "(7) ..."
 "(8) The public administrator."
 "(9) ..."
 "(10) ..." (Formerly Code Civ. Proc., 1365.) *454
 Greenhauff falls within the sixth class; the public administrator within the eighth class.
 [1] It has long been an elementary doctrine governing courts exercising probate jurisdiction that the right to the administration of the estate follows the property in the estate. (Johnson v. Johnson, 15 R.I. 109 [23 A. 106, 107], and cases cited; Estate of Crites, 155 Cal. 392, 393 [101 P. 316]; 33 C.J.S. 922, 31.) The courts have deemed it their duty to place administration in the hands of the persons most likely to convert the property to the best advantage of those beneficially interested. That person is he who, because of his interest as distributee, is entitled, in whole or in part, to the residue after the claims of creditors have been satisfied. A sole legatee is a residuary legatee. (In re Weiner's Will, 137 Misc. 46 [243 N.Y.S. 136].) Statutes prescribing priority of right to administration have for their purpose the effectuation of this policy. (In re Cloward's Estate, 95 Utah 453 [82 P.2d 336, 119 A.L.R. 123]; Union Savings & Trust Co. v. Eddingfield, 78 Ind.App. 286 [134 N.E. 497].)
 The authorities negative appellant's contention.
 In Estate of Crites, 155 Cal. 392 [101 P. 316], the decedent died testate. The will named executors who forfeited their rights to letters testamentary. The will made no provision for the widow because suitable provision had already been made for her. Two petitions for letters of administration with the will annexed were filed, one by a child, a beneficiary under the will; the other by a nominee of the widow who took nothing under the will but who would have been entitled to inherit had the decedent died intestate. The court stated the question thus: "Is a widow, who takes nothing under a will, entitled to letters of administration with the will annexed, in preference to a child of the testator, who is a devisee and legatee under the will?" Obviously, if the provisions of Probate Code, section 422 (formerly Code Civ. Proc., 1365), are applied literally, the nominee of the widow would have been entitled to priority. She was a relative entitled to "succeed" in case of intestacy. However, the order appointing the nominee of the widow was reversed, the court saying, pages 393-394: " 'The principle involved in this provision of the statute, restricting the right of administration to those relatives entitled to take the personal estate, is not new. It is but the expression of the policy which will be found to control in the statutes of many, if not most, of the states upon the subject, and is well recognized in England. It has its foundation *455 in the consideration that administration should be committed to those who are the ultimate residuary beneficiaries of the estate--those to whom the property will go after administration.'"
 "Under the mandate of the law, the court in appointing under section 1350a is to follow the procedure laid down in section 1365. This does not mean alone that it shall follow the order there laid down, but it shall follow that order with observance of the qualifications there expressed, and the controlling qualification is that in the person appointed shall be a right of succession. Applying this principle to a will as it must be applied, since, if it be designed, as has been said, for the conservation of estates, it is as important in the case of testacy as intestacy, the rule would deny the right of letters of administration with the will annexed to one who, though an heir at law, did not take under the will. The widow, upon the showing here made was not entitled so to take, and, such being the case, neither she nor her nominee was entitled to letters of administration under the will. It is not meant by this to declare that, notwithstanding the terms of a will, a petitioner, such as a widow, would be forbidden to show that, despite its language, she was entitled to succeed; but in the absence of such showing, her rights are measured by the terms of the instrument under which she seeks to act, and by those terms in the case at bar she is denied the right of administration." (Italics added.)
 In Estate of Winbigler, 166 Cal. 434 [137 P. 1], the decedent died testate without naming an executor. The contest for letters of administration with the will annexed was between Fannie Cake, a cousin of the decedent and a residuary beneficiary under the will, and Fannie Reid, a niece, who had been specifically disinherited by the will. Under section 1365 of the Code of Civil Procedure, as under section 422 of the Probate Code, Fannie Reid was entitled to preference if she was "entitled to succeed" to some portion of the estate. Had the decedent died intestate, Fannie Reid would have been entitled to succeed, and Fannie Cake would not. After referring to then sections 1350a and 1365 of the Code of Civil Procedure, the court said, page 435: "It is settled that in view of these provisions, an heir at law of the deceased is not as such entitled to letters of administration with the will annexed, unless he takes under the will, i. e., of course, if the will effectually disposes of all the property of the deceased. (See Estate of Crites, 155 Cal. 392 [101 P. 316], and cases there cited.) The *456 only question, then, is whether appellant is entitled, in view of the terms of the will, to take on distribution, any of the property of deceased." It was then held that Fannie Reid was not entitled to take under the terms of the will, and the order of the probate court appointing Fannie Cake was affirmed.
 In Estate of Cook, 173 Cal. 465 [160 P. 553], the decedent died testate without naming an executor. The contest for letters was between the surviving husband, who took nothing under the will, and the brother of the deceased, a beneficiary under the will. The court held, page 471: "Section 1365 of the Code of Civil Procedure, applied to section 1350a thereof, governs in the matter of granting letters of administration with the will annexed to the same extent as it governs the granting of letters of administration in cases of intestacy, and in both cases, under the terms of said section 1365, those only are entitled to letters who in case of intestacy are entitled to succeed to the personal estate of the deceased or some portion thereof and who in case of testacy take by bequest some portion of that personal estate. The brother of the deceased who was appointed administrator with the will annexed filled the requirement of the statute. The contestant did not. The brother was a beneficiary under the will, and entitled thereunder to take a portion of the personal estate of the deceased. The contestant husband took nothing at all under the will, and hence under the section cited was not entitled to letters. Further discussion of this claim of appellant is unnecessary, as the decision in the Estate of Crites, 155 Cal. 392, [101 P. 316], disposes of it adversely to his contention and in harmony with the ruling of the trial court." (Italics added.)
 In Estate of Sayers, 203 Cal. 753 [265 P. 924], Sayers, a nonresident, died testate. By his will he gave his estate to his widow and others. He gave a house and lot in Los Angeles to his daughter Elizabeth for life with remainder to her children. The will was admitted to probate in Pennsylvania. The executors named having failed to apply for letters in California, the widow petitioned here for probate of the will and that letters of administration with the will annexed issue to West, a resident of this state. Elizabeth also petitioned for letters. The probate court found that Elizabeth "was entitled to succeed to the whole of the estate in California by life estate with remainder to her children, and made its order appointing her administratrix with the will annexed." The court first held that the provisions of the code dealing with *457 foreign wills had no application; that the situation was "identical with that created by the filing of a domestic will for probate" and that sections 1350a and 1365 of the Code of Civil Procedure controlled. The court then said, pp. 756-757: "Under these provisions ( 1350a, 1365, supra) those only are entitled to letters who, in case of intestacy, are entitled to succeed to the estate of the deceased or some portion thereof, and who, in case of testacy, take by bequest some portion of that estate. One taking nothing at all under a will is not, under these sections, entitled to letters. (Estate of Cook, 173 Cal. 465, 472 [160 P. 553]; Estate of Walker, 169 Cal. 400, 401 [146 P. 868].) If these sections and the decisions apply, the nominee of the appellant is not entitled to letters. (Estate of Crites, 155 Cal. 392, 394 [101 P. 316]; Estate of Mahoney, 85 Cal.App. 675 [259 P. 1014].) That they should and do apply is, we think, apparent. We have not lost sight of the fact that there are opinions of the court which seemingly lend support to the contention of the appellant that, as a 'person interested in the will' now offered for probate, she is entitled to request the appointment of another person to serve as administrator with the will annexed. It may be said, in passing, that when appellant makes this contention she destroys her own case, for certainly there is nothing in the sections relating to foreign wills which permits her to nominate anyone, and, in order to do so, she must bring herself within the provisions of section 1365, the general provisions relating to the granting of letters in cases of intestacy."
 Estate of Bevilacqua, 31 Cal.2d 580 [191 P.2d 752], was an appeal from an order granting letters of administration to the public administrator and denying the petition of appellant, a first cousin. The decedent died intestate, a resident of California. He left a wife and four children--aliens residing in Italy. The first cousin was the only relative residing in California. In the course of the opinion, the Chief Justice, speaking for the court, wrote, page 585: "[U]nder section 422 of the Probate Code, the next of kin, when entitled to share in the estate, has priority over the public administrator, and when a relative makes a prima facie showing that he is the next of kin and entitled to share in the estate, the public administrator, if he seeks to obtain letters, must undertake the burden of disproving those claims."
 Estate of Wakefield, 136 Cal. 110 [68 P. 499], and Estate of Schwartz, 79 Cal.App.2d 301 [179 P.2d 863], relied on by appellant, are not in point. In Wakefield there was no will. *458 All that was held was that a nominee of brothers, who under no circumstances were entitled to succeed to any part of the estate or to share in the estate, did not have priority over the public administrator. Wakefield was distinguished in Estate of Herriott, 219 Cal. 529, 531 [28 P.2d 355], and was expressly limited to its peculiar facts. In Schwartz there was a will. The contest was between the widow and a son of decedent by a previous marriage. The widow was not entitled to succeed because she had contracted away her right to inherit. She had also contracted away her right to administer. Therefore, it was held that the son, who took under the will, had the prior right. Subdivision 6 of section 422 was not involved, nor was the court concerned with the effect of the phrase "entitled to share in the estate." Language, used arguendo that would appear to support appellant's position, was obiter dictum and not in accord with the decisions of the Supreme Court to which we have referred.
 There is no good reason why one who takes under a will should not have a better right to letters than the public administrator. Respondent is the sole beneficiary named in the will. He takes all of the estate. He is a resident of this state. Upon the death of the testator, title to the entire estate passed to him, subject to administration. There is no reason why he should not administer his own estate. There is no reason why he should be required to pay administrator's commissions and attorney's fees to the county of Los Angeles. The statute should not be given any such unreasonable construction unless it cannot be avoided.
 The construction of subdivision 6 of section 422 of the Probate Code sought by appellant is strained, would lead to injustice and absurd consequences, and is wholly unwarranted. It is not in accord with the purpose of statutes giving priority of right of administration. It would emasculate subdivision 6. It would have the subdivision read as if the words "entitled to share in the estate" were not there. We must assume that there was some intention in inserting after the words "The next of kin" the words "entitled to share in the estate"; and if there was, it must have been to entitle the next of kin, if he shares in the estate, to letters if there is no one in the five preceding clauses entitled to priority. Otherwise the latter phrase would be surplusage.
 [2] It is a cardinal rule in the construction of statutes that effect must be given to every part of the statute. It is elementary that when possible a statute should be construed to *459 reach a result that is reasonable; that a construction which will lead to absurd, unfair and unjust consequences should not be given if it can be avoided; that a construction should be given as will not deprive the person interested in its construction of a substantial right; that "provisions of the Probate Code are to be liberally construed with a view to effect its objects and to promote justice" (Estate of Rule, 25 Cal.2d 1, 16 [152 P.2d 1003, 155 A.L.R. 1319]); and that general provisions are controlled by a special provision of a statute.
 [3] The clause "the relatives of the decedent being entitled to priority only when they are entitled to succeed to the estate or some portion thereof," is general, applying to relatives as a class. The surviving widow, children, grandchildren, parents, brothers and sisters are entitled to letters of administration with the will annexed only if they are entitled to succeed to the estate or some portion thereof. Subdivision 6 is a special provision, applicable only to the next of kin. It is incompatible with and supersedes the general provision within its sphere. It limits and controls the general provision. (Department of Motor Vehicles v. Industrial Acc. Com., 78 Cal.App.2d 626, 630 [178 P.2d 43].) "To share in" means to participate in, to partake of. (Webster's New Internat. Dict., 2d ed.) It is a broader and more inclusive term than "to succeed to." If a next of kin is entitled to share in the estate under the will, he is entitled to letters of administration with the will annexed whether or not he would be entitled to succeed in case of intestacy. Obviously Greenhauff is "the next of kin entitled to share in the estate." He is the nearest in degree of blood relationship to the deceased entitled to share in the estate and has priority over the public administrator.
 Order affirmed. Respondent to recover his costs on appeal.
 Shinn, P. J., and Wood (Parker), J., concurred.