242 Cal.App.2d 85 (1966)
51 Cal. Rptr. 91
Estate of MARY E. PASCOE, Deceased.
BALDO M. KRISTOVICH, as Public Administrator, etc., Petitioner and Respondent,
v.
LYNNE VERNON, Objector and Appellant.
Docket No. 29790.
Court of Appeals of California, Second District, Division Four.
May 9, 1966.
*86 Rodd Kelsey for Objector and Appellant.
Harold W. Kennedy, County Counsel, Henry W. Gardett, Gerald F. Crump and Michael H. Dougherty, Deputy County Counsel, for Petitioner and Respondent.
KINGSLEY, J.
This is an appeal from an order revoking letters of administration previously issued to Lynne Vernon and directing that letters issue to the Los Angeles County Public Administrator.
Mary E. Pascoe, a resident of Los Angeles, died intestate,[1] leaving an estate subject to probate in this state. She was survived by two nephews, one a resident of Oregon and one a resident of Virginia, a niece, a resident of Iowa, and a cousin, named Fay Milner, a resident of Los Angeles. Petitions for letters of administration were filed by Lynne Vernon, a long-time friend who is unrelated to decedent, and by the public administrator.
Through some unexplained inadvertence, the two petitions were not heard together as section 442 of the Probate Code provides. The petition of Lynne Vernon was granted on April 28, 1964, and she duly qualified. Thereafter, the Virginia nephew assigned a 2 percent interest in his distributive share to the California cousin, Fay Milner, and Fay Milner, in turn, nominated Lynne Vernon to be the administratrix of the estate.
On May 2, 1964, the public administrator filed a petition, under section 450 of the Probate Code, seeking revocation of the letters theretofore issued to Lynne Vernon and the issuance of letters to him. This petition was granted by an order dated February 1, 1965, from which the present appeal was taken.

I
Although section 423 of the Probate Code allows the court, where petition is by a nominee of one entitled to letters, to *87 deny that petition and appoint a person of a class subsequent to the nominator, it is clear that the order under review was not made in the exercise of the discretion thus conferred but was based solely on the theory that the public administrator was entitled, as of right, to priority in appointment over Fay Milner or her nominee, and the respondent makes no attempt to support the order under that provision of section 423.

II
Nor does Lynne Vernon seek to retain letters on the theory that she stands in the shoes of the Virginia nephew. [1] No person is competent to serve as an administrator who is not a resident of this state (Prob. Code, § 420), and it is well settled that a nominee of a nonresident heir has no better standing (Estate of Jacobs (1950) 100 Cal. App.2d 452 [223 P.2d 898]; Estate of Pardue (1937) 22 Cal. App.2d 178 [70 P.2d 678]). The parties here agree that Fay Milner's status, insofar as she might seek to base her claim on a representation of the Virginia nephew, is no better by reason of the fact that she is a partial assignee from, rather than a nominee of, that relative. And Lynne Vernon, of course, has only that standing which came to her as Fay Milner's nominee.

III
The issue before us, then, is whether or not Fay Milner is entitled to letters of administration in her own right, by virtue of the fact that she is (a) a relative resident in California, and (b) entitled, by reason of the assignment, to share in the estate.[2] [2] Lynne Vernon, as Fay Milner's nominee, has as great, but no greater priority. (Prob. Code, § 423.)
Lynne Vernon contends that her nominator, Fay Milner, was herself entitled to letters of administration as a person in class 6, as the priorities are established by section 422 of the Probate Code. That section reads as follows: "Administration of the estate of a person dying intestate must be granted to *88 one or more of the following persons, who are entitled to letters in the following order, the relatives of the decedent being entitled to priority only when they are entitled to succeed to the estate or some portion thereof:
"(1) The surviving spouse, or some competent person whom he or she may request to have appointed.
"(2) The children.
"(3) The grandchildren.
"(4) The parents.
"(5) The brothers and sisters.
"(6) The next of kin entitled to share in the estate.
"(7) The relatives of a previously deceased spouse, when such relatives are entitled to succeed to some portion of the estate.
"(8) The public administrator.
"(9) The creditors.
"(10) Any person legally competent."
We find that, for reasons which will be detailed below, the public administrator has priority over Lynne Vernon in his request for letters of administration, because Fay Milner is not the "next of kin entitled to share in the estate," and therefore is able to qualify only as a "person legally competent" under the tenth and lowest classification in the order of statutory priorities.
[3] The language of the statute itself, and the cases which have construed it,[3] make it clear that, in order to qualify under subdivision (6), the applicant must not only be entitled to share in the estate, and be "kin" to the decedent, but must also be the "next"  i.e., the closest  of the kin entitled so to share.
In Estate of Jacobs, supra (1950) 100 Cal. App.2d 452, a resident cousin was held to be entitled to letters of administration with-the-will-annexed in priority over the public administrator, even though there were nonresident brothers and sisters surviving. But, in that case, the will had disinherited the brothers and sisters and had left the entire estate to the California cousin. It followed that the cousin was not only the "next," but the only, "kin" who was entitled to share in the estate.
The holdings in Estate of Bevilacqua (1948) 31 Cal.2d 580 [191 P.2d 752], and in Estate of Michaud (1942) 53 Cal. App. *89 2d 835 [128 P.2d 595], are to the same effect. In each there were surviving nonresident relatives who were more closely related than the California relative who secured letters. But, in both cases, the nonresident relatives resided in foreign countries, the public administrator had not sustained the statutory burden of showing that they were able to inherit in the light of the California statute involving the rights of foreign heirs, and it followed that, as in Jacobs, the California relative was the only "kin" who was legally entitled to share in the estate.
[4] In the case at bench both the two nonresident nephews and the nonresident niece are nearer of kin than is Fay Milner. (Estate of Way (1938) 29 Cal. App.2d 669 [85 P.2d 563].) And all three of them are "entitled to share" in the estate.[4] It follows that, of the four persons[5] who are entitled to share in the estate, the three nonresidents are the kin "next" to the decedent, and that Fay Milner is only what we might designate as the "next-to-the-next" of kin to her. As such, Fay Milner is not in class 6 but in class 10, with a priority subordinate to that of the public administrator.
The order is affirmed.
Files, P.J., and Jefferson, J., concurred.
Appellant's petition for a hearing by the Supreme Court was denied July 6, 1966.
NOTES
[1] It appears from the record before us that part of the estate was community property of decedent and a predeceased husband and will pass according to section 228 of the Probate Code. It is not contended that the existence of persons entitled to take under that section affects the rights to letters of administration as between the present parties.
[2] The briefs on appeal touch on the question of whether the respective rights are determinable as of the date (April 28, 1964), when the letters to Lynne Vernon were issued, or as of the date of the revocation. If the former date were to be used, the public administrator necessarily would prevail, since, on April 28, 1964, Lynne Vernon had no status as nominee of anyone and stood merely as a person in the lowest class of priorities  a "person legally competent." But, in spite of language in Estate of Herriott (1933) 219 Cal. 529, 531 [28 P.2d 355], and in In re Pingree (1893) 100 Cal. 78, 81 [34 P. 521], we think that the priorities were rightly judged, as the trial court judged them, as of the date of revocation. It would be pointless to revoke letters as improvidently issued, and then reissue letters to the same person by virtue of a status currently existing.
[3] It should be noted that, under section 409 of the Probate Code, with an exception not here relevant, the same rules apply to letters of administration with-will-annexed as to general letters of administration.
[4] The assignment to Fay Milner was only of a 2 percent of the Virginia nephew's distributive share, leaving him still entitled to share to the extent of 98 percent of his original interest.
[5] The public administrator, at one point, seems to argue that "entitled to share" in subdivision (6) of section 422 includes only persons entitled to succeed to the estate under the laws of intestate succession. That point was decided adversely to him in Estate of Jacobs, supra (1950) 100 Cal. App.2d 452.