[Civ. No. 8726.   Fourth Dist., Div. One.   Aug. 10, 1967.]

Estate of WILLIAM J. MULLANE, Deceased. J. FRANCIS A. McINTYRE, Appellant, v. RAYMOND A. BRANDT, as Public Administrator, etc., Respondent.

J. J. Brandlin and Walter R. Trinkaus for Appellant.

Young, Prenner & Hews and Ronald H. Prenner for Respondent.

BROWN (Gerald), P. J.—William J. Mullane died in August 1966. The executor named in his will predeceased him. In September 1966, appellant residuary legatee McIntyre and the Public Administrator of Orange County each petitioned for appointment as administrator with the will annexed of Mullane's estate. The superior court appointed the public administrator. McIntyre appeals from the order of appointment.

The sole issue is whether appellant or respondent has priority of appointment under Probate Code, section 409.

The applicable sentence in section 409 begins: ". . . Persons are entitled to appointment as administrators with the will annexed in the same order of priority as in the appointment of administrators, . . ."

Priority in appointment of administrators is dictated by Probate Code, section 422:

"Administration of the estate of a person dying intestate

must be granted to one or more of the following persons, who are entitled to letters in the following order, the relatives of the decedent being entitled to priority only when they are entitled to succeed to the estate or some portion thereof:

"(1) The surviving spouse, or some competent person whom he or she may request to have appointed.

"(2) The children.

"(3) The grandchildren.

"(4) The parents.

"(5) The brothers and sisters.

"(6) The next of kin entitled to share in the estate.

"(7) The relatives of a previously deceased spouse, when such relatives are entitled to succeed to some portion of the estate.

"(8) The public administrator.

"(9) The creditors.

"(10) Any person legally competent."

This language of section 409 and section 422, considered alone, would give respondent priority, because he is in category (8) and appellant is in (10).

Section 409, however, continues: ". . . except that, one who takes under the will has priority over one who does not, . . ."

Because appellant takes under the will and respondent does not, the exception gives appellant priority over respondent, notwithstanding the priorities established by section 422. The superior court should have appointed appellant and not respondent.

Section 409's priorities, including the exception, follow natural and usual human desires. Normally an estate should be administered by the person most likely to convert the property to the best advantage of those beneficially interested. This underlying principle has been stated as follows: "It has long been an elementary doctrine governing courts exercising probate jurisdiction that the right to the administration of the estate follows the property in the estate. [Citations.] The courts have deemed it their duty to place administration in the hands of the persons most likely to convert the property to the best advantage of those beneficially interested. That person is he who, because of his interest, as distributee, is entitled, in whole or in part, to the residue after the claims of creditors have been satisfied. A sole legatee is a residuary legatee. [Citation.] Statutes prescribing priority of right to administration have for their purpose the effectuation of this

policy. [Citations.]'' (*Estate of Jacobs,* 100 Cal.App.2d 452, 454 [223 P.2d 898].)

Order reversed.

Coughlin, J., and Lazar, J. pro tem.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.