[Civ. No. 31161.   Second Dist., Div. Four.   May 7, 1968.]

ALPHA BETA ACME MARKETS, INC., Plaintiff and Appellant, v. CITY OF WHITTIER et al., Defendants and Respondents.

Turpit, Thompson & Miller and Wayne E. Thompson for Plaintiff and Appellant.

Wilson, Jones, Morton & Lynch, Robert G. Auwbrey, and Bewley, Lassleben & Whelen for Defendants and Respondents.

KINGSLEY, J.—This is an appeal from an order of dismissal under Code of Civil Procedure section 581, subdivision 3 as to defendants City of Whittier and Whittier Uptown Parking District No. 2. The order of dismissal was based upon sustaining of demurrers to each of plaintiff's six causes of action as set forth in its first amended complaint upon representation of counsel for plaintiff that no facts could be added if leave to amend were granted.

On February 26, 1963, the City of Whittier adopted Ordinance No. 1598, which is "The Whittier Improvement Procedure Code." Ordinance No. 1598 is entitled as follows:

"An ordinance of the City of Whittier providing a procedure in relation to the acquisition, construction or maintenance of local improvements and the levy of assessments and the issuance of assessment bonds therefor."

The ordinance, adopted under the powers of the city as a charter city, is a mosaic, composed of portions of the Street Opening Act of 1903, the Improvement Act of 1911 and the Municipal Improvement Act of 1913, together with some provisions original with the ordinance.

On May 11, 1965, defendant city adopted a Resolution of Intention, No. 3780, to form a special improvement district pursuant to chapter V, articles 1, 4 and 5 of Ordinance No. 1598 and to issue bonds and to levy an ad valorem assessment pursuant to article 6 of chapter VI of that ordinance. Sec-

tion 240 of that ordinance (which is one of the sections included in article 4 of chapter V) provides as follows:

"When proceedings are taken pursuant to this article the Municipal Improvement Act of 1913 shall apply."

There is no comparable section in article 5. As we explain below, section 240 cannot be taken literally, since Ordinance 1598 contains provisions, herein important, which provide independent procedures for some matters covered by the 1913 Act. The proposed district was called "Whittier Uptown Parking District No. 2."[1]

On June 11, 1965, plaintiff filed a written protest concerning the inclusion of its property in the assessment district. On June 15, 1965, the city council overruled all protests and, on June 22, 1965, adopted Resolution No. 3799 entitled "A resolution determining convenience and necessity, adopting engineer's report, ordering acquisitions and improvements, and declaring formation of Whittier Uptown Parking District No. 2."

Article 6 of chapter VI of Ordinance No. 1598, under which it was proposed to issue the bonds incorporates (by reference in section 392) the procedural provisions of article 5 of chapter VI, one of which provisions is contained in section 364. That section reads as follows:

"If proceedings are had pursuant to Article 4 of Chapter V of this Ordinance, then in the resolution ordering the acquisitions or improvements the Council shall determine the estimated cost of said acquisitions and improvements and of the expenses incidental thereto, and the total estimated amount of the bonds to be issued. The bonds shall be issued and sold and the proceeds shall be used to pay the costs and expenses of the project."

In spite of that requirement, Resolution No. 3799 contains no estimate of the cost or expenses, nor any estimate of the amount of the bonds to be issued, except as the resolution adopts by reference (in paragraph 7 thereof) the engineer's estimate of costs and expenses. The amount of that estimate nowhere appears in Resolution No. 3799, and that resolution gives no hint at all of the estimated amount of bonds to be issued.

Thereafter, on January 25, 1966, the council adopted Reso-

---

[1] It is to be noted that the city did not elect to proceed under the Vehicle Parking District Law of 1943 (Sts. & Hy. Code, § 31500 et seq.).

lution No. 3858, entitled "A resolution providing for the issuance of bonds and directing levy of ad valorem assessments to pay the principal and interest thereof." Therein, for the first time, there appears a statement as to the total amount of bonds to be issued ($850,000), and a direction as to the form and other details of a portion ($600,000) therein ordered to be sold. This resolution is apparently an attempt to comply with the provisions of section 369 of Ordinance No. 1598, which section is also applicable to the type of bond herein involved.

Plaintiff's original complaint was filed on February 23, 1966, which was eight months after the adoption of Resolution No. 3799 but less than 30 days after the adoption of Resolution 3858. That complaint was in three counts. A demurrer to it was sustained with leave to amend. Plaintiff then filed its amended complaint. A demurrer to that pleading was also sustained and, plaintiff electing not to amend further, a judgment of dismissal was entered. Plaintiff has appealed.

The order of dismissal was based on the sustaining to each of plaintiff's six causes of action as set forth in the amended complaint. The demurrer was sustained on the ground that plaintiff's action was barred by the statute of limitations contained in section 10400 of the Streets and Highways Code and section 168 of the Whittier Improvement Procedure Code (Ordinance No. 1598). The demurrer was also sustained on the ground that plaintiff failed to offer evidence in support of its written protest to the formation of the parking district.

The issues on appeal are whether plaintiff's complaint states a cause of action and whether or not the complaint is barred by the applicable statute of limitations. We conclude that the action was barred by the statute of limitations. As a result, we need not determine whether or not it stated a cause of action had it been timely filed.

I

The briefs discuss, at length, which of several possible statutes of limitation is applicable to plaintiff's complaint. For reasons set forth below, we conclude that neither section 329.5 of the Code of Civil Procedure nor section 10400 of the Streets and Highways Code is applicable to this action. We further conclude that, as between sections 168 and 169 of Ordinance No. 1598, it is section 168 which applies and that that section bars the present action.

## II

As above indicated, we reject the application of section 329.5 of the Code of Civil Procedure. That section reads as follows: "The validity of an assessment or supplemental assessment against real property for public improvements, the proceedings for which are prescribed by the legislative body of any chartered city, shall not be contested in any action or proceeding unless the action or proceeding is commenced within 30 days after the assessment is levied, or such longer period as the legislative body may provide. Any appeal from a final judgment in such an action or proceeding shall be perfected within 30 days after the entry of judgment."

But that section applies only where the municipality has not provided its own statute of limitations. or where (as was not the case here) the municipality attempts to give less than 30 days for a taxpayer's suit. Since we have, in the case at bench, a specific provision in the municipal procedural ordinance (Ordinance No. 1598) which is within the legislatively permitted scope, it is to that specific provision that we look. (*Brill* v. *County of Los Angeles* (1940) 16 Cal.2d 726 [108 P.2d 443]; *Estate of Jacobs* (1950) 100 Cal.App.2d 452 [223 P.2d 898].)

Likewise, we reject the application of section 10400 of the Streets and Highways Code. That section reads as follows:

"§ 10400. The validity of an assessment or supplemental assessment *levied under this divisio*n [division 12 of the Streets and Highways Code known as the Municipal Improvement Act of 1913] shall not be contested in any action or proceeding unless the action or proceeding is commenced within 30 days after the assessment is levied. Any appeal from a final judgment in such an action or proceeding shall be perfected within 30 days after entry of judgment." (Italics added.)

We think that this statute is inapplicable here for the same reason as section 329.5 of the Code of Civil Procedure is inapplicable. Although, as we have pointed out above, this proceeding was begun under a portion of the Whittier Code that provides, in section 240, "When proceedings are taken pursuant to this article [article 4 of chapter V] the Municipal Improvement Act of 1913 shall apply," we think that that incorporation by reference incorporates only those procedural matters that are not covered specifically by the Whittier ordinance. As we have seen, Ordinance No. 1598 contains its own statutes of limitations. It is to those that we look.

## III

As between the two limitation provisions in the municipal procedural ordinance (Ordinance No. 1598), we conclude that section 168 is the one herein applicable.

Section 168 of the Whittier Improvement Procedure Code (Ordinance No. 1598), reads as follows:

"Section 168. Limitation of Actions.

"No action, suit or proceedings to set aside, cancel, void, annul or correct any assessment or re-assessment, or to review any of the proceedings, acts or determinations in any proceedings, or to question the validity or to enjoin the collection of any assessments or re-assessments or supplemental assessments shall be maintained by any person unless such action, suit or proceedings shall have commenced within thirty (30) days after the acquisition or improvement had been ordered or such assessment shall have been confirmed."

Section 169 reads:

"Section 169. Id—Ad Valorem.

"Where such proceedings are for an ad valorem levy, the period shall be thirty (30) days after the ordering of said levy with reference to said levy as to any levy, and thirty (30) days after ordering the issuance of said bonds with reference to their issuance as to any bonds. If such action or suit is not brought within the time herein specified, all persons shall be barred from any such action."

Plaintiff argues that section 168 constitutes a general statute of limitations and applies to assessments other than ad valorem levies, and that 169 applies to ad valorem levies. Defendants argue that section 169 merely provides a limitation for attacks upon irregularities which might occur during the *annual* ad valorem assessment collection procedure, and that the word "levy" in section 169 refers to this annual collection procedure.

While plaintiff correctly states the law that words of a statute are given their ordinary meaning unless otherwise clearly indicated (*Rich* v. *State Board of Optometry* (1965) 235 Cal.App.2d 591 [45 Cal.Rptr. 512]), and that a specific section of a statute relating to a particular subject controls over a general section (*Brill* v. *Los Angeles County, supra* (1940) 16 Cal.2d 726), we do not believe that section 169 describes levying an assessment in the sense used by plaintiff in its argument. The word levy has various meanings and must be determined in its context (*Fahey* v. *City Council*

(1962) 208 Cal.App.2d 667 [25 Cal.Rptr. 314]), and it may be used in reference to either the legislative or administrative function of taxation (*McDonald* v. *Richards* (1926) 79 Cal. App. 1, 7 [248 P. 1049]). It is our belief that section 168 provides a statute of limitations for attacks on assessment hearing determinations. The language of section 168 refers to the setting aside, canceling, voiding or annuling of *any* assessment. Section 169, on the other hand, refers to the ordering of "said levy with reference to said levy"; thus the natural import of the language is that 169 refers to specific yearly levies, or the mechanics of collection of the levy.

## IV

It follows that, had plaintiff sued to attack the validity of the provisions of Resolution 3858 which directed the issuance and sale of bonds, and directed the levy of ad valorem taxes to service those bonds, its action (being within 30 days after the adoption of that resolution) would have been timely. But plaintiff nowhere attacks those proceedings as such. Its attack is directed against the formation of the assessment district and the ordering of the improvement, not against the bonds and taxes which follow if the district was validly created and the improvement validly ordered. That action, however, was not taken by Resolution 3858, but by Resolution 3799 and the time for filing suit to attack that earlier resolution had expired on July 22, 1965—five months before the present action was commenced. The demurrer was properly sustained on the ground of the statute of limitations.

## V

Since the action was barred by the statute, it is unnecessary to determine whether or not plaintiff's protest was sufficient to raise the matters it now desires to litigate, or whether the defects (if any) in the original notice of hearing or in Resolution 3799 could have been raised, without prior protest, in an action timely filed.

The judgment is affirmed.

Files, P. J., and Jefferson, J., concurred.