No. 12966

IN THE SUPREME COURT OF THE STATE OF MONTANA

1975

---

IN THE STATE OF MONTANA by and through the
DEPARTMENT OF SOCIAL AND REHABILITATION
SERVICES, and the DEPARTMENT OF REVENUE,

Plaintiffs and Respondents,

-vs-

ROXANNE HULTGREN,

Defendant and Appellant.

---

Appeal from: District Court of the Sixth Judicial District,
Honorable Jack D. Shanstrom, Judge presiding.

Counsel of Record:

For Appellant:

J. Dennis Moreen argued, Helena, Montana
Swandal and Douglas, Livingston, Montana

For Respondents:

Margaret L. Borg, argued, Helena, Montana

---

Submitted: September 24, 1975

Decided: NOV - 3 1975

Filed: NOV - 3 1975

Thomas J. Kearney
Clerk

Mr. Chief Justice James T. Harrison delivered the Opinion of the Court.

This is an appeal from a judgment entered in the district court, Park County.

On September 28, 1969, defendant Roxanne Hultgren applied for and began receiving Aid to Dependent Children (ADC) payments through the Department of Social and Rehabilitation Services (SRS), stating her children were without support.

On February 29, 1972, defendant was divorced from her husband, Paul Arnold Hultgren. The divorce judgment and decree required Hultgren to pay defendant $50 per month for the support and maintenance of each of the seven minor Hultgren children, with payments to commence March 15, 1972. Hultgren made no payment and defendant continued to receive ADC payments through SRS.

On May 1, 1973, defendant initiated proceedings under the Uniform Reciprocal Enforcement of Support Act (URESA), section 93-2601-41 et seq., R.C.M. 1947, to recover back due child support from her former husband, then a resident of Wyoming. The URESA claim was settled by an agreement that Hultgren would pay the sum of $4,900. This sum was deposited with the Park County district court pending a determination as to whether SRS or defendant is entitled to the money. Defendant demanded release of the claim to the money by SRS and was refused.

Hultgren made his first current support payment in October 1973, and remained current. At the time he began regular support payments, Hultgren was responsible for 19 months back-due support, totaling $6,650. Defendant received ADC payments from March 1972 through October 1973, totaling $6,188.

The State, acting through SRS and the Department of Revenue, brought suit in the district court to recover the deposited money. Judgment was granted for the State; defendant appeals.

The issue presented to this Court is whether the district

- 2 -

court erred in granting judgment to the State.

The State alleges it has the right to the URESA proceeds pursuant to section 93-2601-48, R.C.M. 1947:

> "If a state or a political subdivision furnishes support to an individual obligee it has the same right to initiate a proceeding under this act as the individual obligee for the purpose of securing reimbursement for support furnished and of obtaining continuing support."

This section clearly gives the State the right to initiate URESA proceedings and inferentially gives the State the right to join in any such proceedings initiated by the individual obligee, but this section cannot serve as the basis for an action against the individual obligee over sums recovered under URESA. The State did not choose to initiate a URESA proceeding or join in defendant's action, therefore it cannot now claim the benefit of this section to recover from defendant, having voluntarily waived the right granted thereunder.

The State argues section 61-115, R.C.M. 1947, gives the State the right to recover the URESA proceeds. The statute reads:

> "If a parent neglects to provide articles necessary for his child under his charge, according to his circumstances, a third person may in good faith supply such necessaries, and recover the reasonable value thereof from the parent."

The State maintains it is a "third person" which supplied necessaries in the form of ADC payments, therefore it has the right to recover under section 61-115.

A "third person" is defined in section 19-103(12), R.C.M. 1947, to:

> " * * * include all who are not parties to the obligation or transaction concerning which the phrase is used."

If the State is a "person", it would clearly qualify as a "third person" in the context of section 61-115, R.C.M. 1947.

Montana statute, section 19-103, R.C.M. 1947, provides:

- 3 -

" * * * the word person includes a corporation as well as a natural person * * *".

Since the State is not specifically included in this statutory construction language, we must look further to determine whether the State is a person in the context of section 61-115.

The general rule of statutory construction is set out in 82 C.J.S. Statutes §317, p. 554:

> "The government, whether federal or state, and its agencies are not ordinarily to be considered as within the purview of a statute, however general and comprehensive the language of act may be, unless intention to include them is clearly manifest, as where they are expressly named therein, or included by necessary implication."

This is the rule followed in the 1912 case In re Beck's Estate, 44 Mont. 561, 574, 121 P. 784, in which this Court stated:

> "Therefore, the rule to be observed in the construction of statutes is, that the state is not included by general words therein creating a right and providing a remedy for its enforcement."

Subsequent to Beck, there has been a trend to include the state within the general language of a statute beneficial to the state. This trend is referred to in 82 C.J.S. Statutes §317, p. 556:

> "On the other hand, it has been said that the general rule has been relaxed in modern times. Accordingly, the state may have the benefit of general laws; and the general rule has been held not to apply to statutes by which the government or a part or agency thereof is given powers rather than deprived of them, or where no impairment of the sovereign powers will result * * *".

This rule has been applied in a growing number of states, including California, wherein it was stated in In re Bevilacqua's Estate, 31 Cal.2d 580, 191 P.2d 752, 756, quoting from Hoyt v. Board of Civil Service Com'rs, 21 Cal.2d 399, 132 P.2d 804, 806:

> "'Where, however, no impairment of sovereign powers would result, the reason underlying this rule of construction [the general rule stated above] ceases to exist and the Legislature may properly be held

- 4 -

to have intended that the statute apply to govern-
mental bodies even though it used general statutory
language only.'"

See also: West Norman Timber v. State, 37 Wash.2d 467, 224
P.2d 635, which contains an extensive discussion of the relax-
ation of the general rule, citing cases from many federal and
state courts.

Including the State as a "person" in the context of
section 61-115, would be beneficial to the State and general
public by permitting the State to recover to a limited extent
amounts paid through ADC for the support and necessaries of
children. Therefore, we find the State may properly be held
to be a "person" for the purposes of section 61-115, R.C.M.
1947.

The State, as a third person, may, pursuant to section
61-115, recover the reasonable value for the necessaries pro-
vided from the parent who neglects to provide the necessaries.
The litigation giving rise to this appeal, does not involve the
neglectful parent. Hultgren is required to make support pay-
ments pursuant to the divorce judgment and degree. The State
had the right under section 93-2601-48, R.C.M. 1947, to initiate
or join an URESA proceeding, but voluntarily waived this right
by taking no action. Defendant did commence an URESA action.
The State cannot rely on section 61-115 to recover the URESA
proceeds from defendant, as section 61-115 only provides for
recovery from Hultgren, the neglectful parent.

The State argues that the proceeds should be recoverable
by the State under the doctrine of equitable subrogation.

Subrogation is a creature of equity, it is an equitable
right and not a legal right. 83 C.J.S. Subrogation §2, pp. 578,
580. 83 C.J.S. Subrogation §6, p. 594, states that due to
its equitable nature:

- 5 -

"The ordinary equity maxims are applicable
to the equitable remedy of subrogation.  Thus,
subrogation is not allowed where there is an
adequate remedy at law * * *".

The State did have the right to initiate an URESA proceeding under section 93-2601-48, or the State could have brought direct action as a third person against Hultgren under section 61-115.  The State chose neither of these means of recovery, thus it cannot recover under an equitable doctrine what it voluntarily chose not to recover under the legal remedies provided in the statutes.

The judgment of the district court is reversed and this cause is remanded to the district court with directions to order the release and payment of the URESA proceeds, now being held by the district court, to defendant, Roxanne Hultgren.

-------------------------------------------
                                Chief Justice

We concur:

-------------------------------------------
-------------------------------------------
-------------------------------------------


-------------------------------------
Justices

- 6 -

Mr. Justice John Conway Harrison dissenting:

I respectfully dissent. Here the State having supported a family by ADC payments during a period when the father failed to make support payments is denied an opportunity of partial reimbursement, following a USERA recovery, on what I believe to be a technical failure to join in the USERA action against the husband. The majority state that the litigation does not involve a neglectful parent. I disagree. If the father had lived up to his obligations, as provided for in the divorce decree, then ADC support would not have been required, nor would a USERA action have been necessary.

In my opinion the results here call for legislative action similar to that in California, to protect the already overburdened taxpayer. In the interim every county attorney in this State should note the result and join every USERA action filed.

------------------------------
                                  Justice